# Coyne *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Trespasser—Passenger—Riding on bumper of car.*

1. A person who climbs on the back bumper of a crowded summer street car and rides thereon, cannot, while in such a position, be classed under any circumstances as a passenger, unless the evidence shows an express or implied acceptance of him as such.

2. Where a boy twelve years old climbs upon the back bumper of a crowded summer street car without the conductor's knowledge and rides thereon in such a position that he is not seen by the conductor, and is warned of his danger by the motorman of a following car, he cannot recover damages from the street railway company for injuries sustained by a collision between the car on which he was riding and the following car, if it appears that the motorman of the latter car was not guilty of wantonness in operating his car.

Argued November 1, 1912.  Appeals, Nos. 162 and 163, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1903, No. 807, on verdict for plaintiffs in case of Patrick Coyne, in his own right and John Coyne, a minor, by his father and next friend, Patrick Coyne, v. Pittsburgh Railways Company.  Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

At the trial it appeared that the accident happened on August 7, 1902, on Fifth avenue near Magee street in the City of Pittsburgh.

The circumstances of the accident are fully stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff, Patrick Coyne, for $1,000 and for John Coyne, for $5,075.00.

*Errors assigned* were (1) in refusing binding instructions for defendants, and (3-7) portions of charge quoting them.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.—John Coyne, the minor plaintiff, was a trespasser and not a passenger: Penna. R. R. Co. v. Price, 96 Pa. 256; Bricker v. R. R. Co., 132 Pa. 1; Blair v. Rapid Transit Co., 36 Pa. Superior Ct. 319.

Plaintiff was guilty of contributory negligence: Bard v. Penna. Traction Co., 176 Pa. 97; Harding v. Philadelphia Rapid Trans. Co., 217 Pa. 69; Thane v. Tract. Co., 191 Pa. 249; Bumbear v. Traction Co., 198 Pa. 198; Malpass v. Ry. Co., 189 Pa. 599; Burns v. Ry. Co., 213 Pa. 143; Mullen v. Wilkes-Barre Gas & Elec. Co., 229 Pa. 54; Henderson v. Refg. Co., 219 Pa. 384; Walsh v. Rys. Co., 221 Pa. 463.

The fact that the minor plaintiff was under the age of fourteen years, neither imposes a higher duty of care

upon the defendant, nor relieves the plaintiff from the consequences of his act: Feehan v. Dobson, 10 Pa. Superior Ct. 6; Legrand v. Traction Co., 10 Pa. Superior Ct. 12.

*Rody P. Marshall,* with him *Thos. M. Marshall* and *Oliver K. Eaton,* for appellees.—Plaintiff was a passenger: Goehring v. Traction Co., 222 Pa. 600; Thane v. Traction Co., 191 Pa. 249; Chicago, Burlington & Quincy R. R. Co. v. Dickson, 143 Ill. 368 (32 N. E. Repr. 380); Lake Shore & Michigan So. R. R. Co. v. Brown, 123 Ill. 162 (14 N. E. Repr. 197); Boggess v. Ry. Co., 37 W. Va. 297 (16 S. E. Repr. 525); Edgerton v. R. R. Co., 39 N. Y. 227; Illinois Central R. R. Co. v. Axley, 47 Ill. App. 307; Pitcher v. Street Ry. Co., 154 Pa. 560; McCurdy v. Traction Co., 15 Pa. Superior Ct. 29; Blair v. Rapid Tran. Co., 36 Pa. Superior Ct. 319.

Even if, according to the defendant's theory, the plaintiff was not a passenger (which we do not admit) it was the duty of the employees of the defendant company not to injure the minor plaintiff intentionally, or wantonly by any act to expose him to danger: Walsh v. Rys. Co., 221 Pa. 463.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

The injuries to the plaintiff, John Coyne, occurred August 7, 1902, when he was between 12 and 13 years old; the trial of his case did not take place until March 14, 1912. It appears that he and two other boys stood at a street corner in the City of Pittsburgh and signalled to the motorman on one of the open summer cars of the defendant company, and it stopped. The boys, with a man who was standing at the corner, after perceiving that the car was so crowded that it was impossible to get on the platforms or the running-boards, proceeded to the extreme rear-end of the vehicle and took a position on the bumper,—the plaintiff having one foot on

the latter and the other on the coupler. Thereupon an unidentified voice called out, "All right back there?"; someone answered in the affirmative, and they moved on. While the plaintiff was in this position another car of the defendant company nearly ran into the one upon which he was riding, and a short time thereafter a collision between the two actually took place, in which John Coyne had his foot crushed.

The plaintiff testified that at the time he climbed on the bumper the conductor was "near the front of the car on the running-board......looking toward us," adding, however, that the car was so crowded that it was impossible, from the position they took, for them to see the conductor or for the conductor to see them at any time during their ride, and that they could not tell whether or not the conductor afterwards moved from the position which he then occupied. He stated several times during the course of his testimony that the conductor could not see him, and at the end thereof, when asked, "Even if you had been standing upright you could not possibly have seen the conductor and the conductor could not possibly have seen you, could he?" the witness answered, "No, sir." Both of the boys who were with John Coyne at the time of the accident were called as witnesses on his behalf. One of them testified that the conductor "was hanging" on the running-board at about the second seat from the front looking toward them when they were "trying to get on the running-board and couldn't get on," and that they then went to the rear and got on the bumper. When asked at the end of his testimony, "Referring again to the time that you boys were getting on this car......you had to......get in between the rails in order to get up on that bumper, didn't you?" he replied, "Yes, sir." In answer to the question, "And from the time that you got over the first rail, the men who were on the running-board would cut off the view of the conductor, who was in front, from seeing you?" the witness replied, "Yes, sir, even if we

were standing on top of the dash board he couldn't have seen us"; and to the further question, "So, from the time you went over the first rail the conductor couldn't see you at all?" he said, "No, sir." The other boy's testimony was substantially in accord with the evidence already referred to. These witnesses asserted that John Coyne was prepared to pay his fare, but they all agreed that no effort was made by the conductor to collect a fare from any of them; and they were unable to say whether or not anyone got off the car at the time they boarded it. The testimony on the part of the defense indicates that without any invitation whatever John Coyne and the other boys climbed on the rear bumper of a moving car, and that they were warned of their danger by the motorman on the car which followed.

The plaintiffs' claim rested upon the averment that John Coyne was a passenger of the defendant company and that he was hurt by the negligent operation of the car in the rear of the one upon which he was riding; hence, it was necessary for them not merely to show that this boy was on a car of the defendant company but to prove that he was a passenger. The testimony, viewed in the most favorable light to the plaintiffs, fails to justify a finding that John Coyne had become a passenger upon the car. While he and his witnesses state that the conductor was looking in their direction when the car was stopped, and, possibly, while they were endeavoring to see whether they could board it at any proper place, all three agree that when they went to the rear for the purpose of getting on the bumper, and after they took positions there, it was impossible for them to see the conductor or for him to see them. Reckless people do at times hang on the outside of the rear end of street cars, yet that is a place of such manifest danger that it is not to be presumed that the conductor or anyone else would naturally assume that one desiring to become a passenger would ride thereon; and no one in that position can under any circumstances be

classed as a passenger unless the evidence shows an express or implied acceptance of him as such. Here none of the proven facts, nor all of them taken together, would reasonably justify the conclusion that the conductor knew that John Coyne was riding on the bumper of the car, much less that he had accepted him as a passenger. No more would the evidence justify a finding that the motorman on the car in the rear had purposely or wantonly caused the injury complained of, and in point of fact that was not averred. We conclude that the plaintiffs failed to show a case of negligence against the defendant, and the latter was entitled to binding instruction; since the specification of error which complains of the refusal to give such instructions must be held good, it is unnecessary to consider the other assignments.

The first assignment is sustained, the judgments for the plaintiffs are reversed and judgment is here entered for the defendant.