Edmondson *v.* McMullen, Appellant.

Argued January 4, 1955. Before STERN, C. J.,
STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Robert C. Haberstroh,* for McMullen, appellant.

*Emanuel S. Leopold,* with him *Abraham Colbus* and *Scheeline & Leopold,* for Lehrer, appellant.

*S. H. Jubelirer,* with him *Jubelirer & Jubelirer,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, March 14, 1955:

On January 30, 1951, at about 4 o'clock in the afternoon, the wife-plaintiff in this case, Mrs. Arlene Edmondson, was standing at the corner of 13th Street and 13th Avenue in Altoona when a truck hurtled over the pavement, climbed the curb, sheared from its embedded and bolted pedestal a cast iron lamp post 5 inches in diameter and pinned her against a stone wall, inflicting grave injuries which resulted in a verdict in the ensuing lawsuit in the total sum of $34,000 in favor of herself and husband. Upon refusal of the Court below to enter in their favor judgment n.o.v., the defendants, Charles McMullen and Harry Lehrer, appealed to this Court.

The fact that the plaintiff was standing on a sidewalk when calamity struck, takes contributory negligence completely out of the case. The defendant Harry Lehrer was the owner of the assailing vehicle which was being driven by his employe Frederick Billets in a westwardly direction on 13th Avenue at the time of the accident. The defendant Charles McMullen was the owner and operator of a Chrysler Sedan which was proceeding northwardly on 13th Street when it collided with the Lehrer truck at the center of the intersection.

The icy condition of the streets and the forward thrust of the McMullen Sedan against the left rear of the speeding truck converted the truck into a huge sled

which spun counter-clockwise, skidded, and crashed rear-foremost into the formidable lamp post anchored to the concrete and broke it in two, as already stated. The impact of the truck which threw the plaintiff against the wall, left blood stains on the wall which were observable the following day.

Neither the driver of the McMullen car nor the Lehrer truck took the stand to explain how and why the movements of their respective vehicles concatenated to produce the misfortune visited upon Mrs. Edmondson. It cannot be denied that it was their simultaneous arrival at the oddly designated intersection of 13th and 13th which caused the eventual injuries to the plaintiff. The defendants assert, however, that despite the fact that the truck was on the sidewalk where it could not conceivably have any right to be, in addition to the fact that the McMullen automobile was the precipitating cause for the Lehrer truck leaving its orbit of travel, the plaintiff cannot recover because, they assert, she did not affirmatively show negligence on the part of either or both of the defendants.

George Keith, police officer, testified that immediately after the accident McMullen said to him that he had stopped at the Stop sign at the intersection, had seen nothing and had then proceeded into the intersection when he was suddenly confronted by the Lehrer truck and that then "it was too late to stop." By this undenied statement, McMullen placed himself on the horns of a double dilemma from which escape from legal responsibility is impossible. If he actually stopped, he *had* to see the Lehrer truck at that moment or immediately thereafter, because he travelled only 15 feet from that point when he engaged the Lehrer truck on 13th Avenue. If he did not stop, he violated the law of the highway which demands a stopping before entering a through highway, which 13th Avenue was.

In his brief, counsel for McMullen makes of the Lehrer truck a phantom or an object of deep mystery. He says that the plaintiff did not show how the truck "got there" or "where it had come from." It is obvious how it got there. When one sees a truck directly in his path of travel it is reasonable to suppose that it got there on its wheels and by its motor power. It certainly did not drop from the skies. It came from Mc-Mullen's right and it was McMullen's duty not to enter into the intersection when he saw, or should have seen, the truck entering into that same intersection. (*Schweinberg v. Irwin,* 379 Pa. 360.)

McMullen's counsel also says in his brief that McMullen "observe[d] the intersecting thoroughfare for approaching traffic" and "proceeded into the intersection cautiously," and then "again looked to his right." Where counsel obtained this testimony is as enigmatic as his statement regarding the supposed mysterious appearance of the truck since it does not appear in the transcript. McMullen, as indicated, did not testify, and the plaintiff is entitled to all fair conclusions deriving from that silence. A party litigant in a civil action who remains mute when the facilities of the witness stand are available to him cannot complain if the most damaging inferences consistent with logic are drawn from the testimony presented against him.

We have no trouble whatsoever in agreeing with the jury and the Court below that McMullen was guilty of negligence in driving forward to collide with the Lehrer truck and that the resultant collision was a causative factor in the happening of the disaster which befell Mrs. Edmondson.

The negligence of the driver of the Lehrer truck is no less clear even though that negligence rests on a circumstantial foundation rather than on direct evidence. Just a few minutes before the accident, Joan

Fry, a ten-year old girl, had come out of the Cathedral School which is enclosed by the stone wall against which Mrs. Edmondson was pressed by the skidding truck. Joan testified that as she stood on the corner, she looked up 13th Avenue and saw the Lehrer truck at a point later measured to be 125 feet away. As she returned her glance to the corner where she stood, the two cars crashed in mid-intersection. At the trial the girl demonstrated to the jury the nature of her glance. This means that in the fraction of a second consumed by a sweeping movement of the eyes, the Lehrer truck had covered 125 feet. It is thus obvious that the Lehrer truck was travelling with tremendous velocity. In his opinion refusing judgment n.o.v., the learned Trial Judge said: "We feel that it is very important to note at this point that the contact between the two vehicles produced only slight damages to the rear of the Lehrer panel truck and the front of the McMullen car." This judicial observation emphasizes that it was not *alone* because the McMullen car struck the Lehrer truck that the truck pin-wheeled into and over the curb. Had the Lehrer truck been moving at a moderate rate of speed, the slight bump it received from McMullen would have kept it in its general orbit of travel. However, dashing over the icy highway with uninhibited swiftness, the truck did not have solidity of traction. Hence, the slight blow it received from the other vehicle deflected it from its course and threw it completely out of the control of its operator. The fact that the Lehrer truck was travelling on a through highway did not detach it from the trailer of due care which follows every vehicle everywhere. In *Martin v. Hoffman,* 365 Pa. 364, 367, we said: "This right of a vehicle on a through highway is a qualified one. The driver must still exercise due care and, if he fails to exercise due care and to take such precautions as a prudent man

would in regard to speed of his car or to control of his car or keeping a look-out for cars approaching the intersection, he may be found guilty of negligence." Lehrer also, as heretofore mentioned, did not testify. The position of his truck when the violent forces of the collision finally ceased called for some explanation—he was on the sidewalk. The driver of a vehicle which injures a person at a place where the vehicle has no right to be cannot by silence wipe away the implied fault which took him there.

We are satisfied that the jury was amply warranted in coming to the conclusion that the driver of the Lehrer truck failed to exercise the due care which the circumstances of the highway imperiously demanded and that because of his negligence, combined with the negligence of McMullen, the plaintiff suffered the grievous injuries not necessary here to relate.

Judgments affirmed.