George T. THOMAS

v.

John J. ROLAND, Administrator of the Estate of Francis V. Roland, deceased.

Helen E. THOMAS
and
Hilda T. Mumford, Plaintiffs,

v.

John J. ROLAND, Administrator of the Estate of Francis V. Roland, deceased, Defendant and Third-Party Plaintiff (George T. THOMAS, Third-Party Defendant).

Hilda T. MUMFORD, Plaintiff,

v.

George T. THOMAS, Defendant and Third-Party Plaintiff (John J. ROLAND, Administrator of the Estate of Francis V. Roland, deceased, Third-Party Defendant).

Civ. A. Nos. 20414, 21652, 22124.

United States District Court
E. D. Pennsylvania.

Nov. 26, 1958.

No. 20414:

Bernstein & Bernstein, Robert C. Kitchen, Philadelphia, Pa., for plaintiff.

Theodore Voorhees, Henry T. Reath, Philadelphia, Pa., for defendant.

Nos. 21652, 22124:

Laurence H. Eldredge, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Duane, Morris & Heckscher, Philadelphia, Pa., for third-party defendant.

GRIM, District Judge.

On January 2, 1956, an automobile driven at night time by Francis V. Roland was proceeding east on Pennsylvania Route 563 toward its right angle intersection with Pennsylvania Route 313. At the same time an automobile driven in a southerly direction on Route 313 by George T. Thomas was approaching the intersection with Route 563. The cars collided in the middle of the intersection in such a way that the Thomas car struck the left side of the Roland car in the middle. Thomas did not see the Roland car prior to the accident. His car was travelling at the rate of 50 miles per hour at the time of the collision.

Roland was killed instantly. Thomas and two passengers who were with him were injured. There were no other passengers in the Thomas car and there were no passengers in the Roland car. The impact threw the Roland car around so that when it stopped at the southeast corner it was headed northwest about 30 feet from the middle of the intersection. The Thomas car, still headed south, stopped alongside the Roland car. There is evidence that there were lights on the Thomas car at the time of the accident, but there is no evidence either way on the question whether there were lights on the Roland car at the time of the accident. The policeman who investigated the accident testified that there were no lights on the Roland car when he got there soon after the accident, but the violence of the impact could account for this.

A stop sign at the intersection makes Route 313 a through highway. A dirt bank five feet five inches high at the northwest corner of the intersection obstructs the vision of drivers approaching from the west and from the north. A driver going south on Route 313 cannot see automobiles (except for light beams from their headlights) approaching the intersection from the west until he and the other approaching automobile are very close to the intersection. At a point 100 feet north of the intersection a southbound driver can see only about two car lengths west into Route 563.

The passengers in the Thomas car were Helen E. Thomas, his wife, and Hilda T. Mumford. Four suits have been filed in this court as a result of the accident. In one action Mrs. Thomas and Mrs. Mumford sued the Roland estate, which has joined Thomas as a third party defendant. In a second action Mrs. Mumford sued Thomas, who has joined the Roland estate as a third party defendant. In a third action Thomas sued the Roland estate. All the cases were consolidated for trial and tried together. A fourth action, a suit by the Roland estate against Thomas, was settled and withdrawn prior to trial.

As a result of a jury trial Mrs. Mumford has obtained a verdict in the sum of $45,000 against both Thomas and the Roland estate. Because of their third party actions both Thomas and the Roland estate have contribution verdicts in the sum of $22,500 against each other. Mrs. Thomas has obtained a verdict in the sum of $10,000 against the Roland estate. In its third party action against Thomas in the suit of Mrs. Thomas against it the Roland estate has obtained a contribution verdict in the sum of $5,000 against Thomas. In the suit by Thomas against the Roland estate the verdict is in favor of the defendant, the Roland estate.

Thomas has filed a motion for judgment in his favor under Fed.Rules Civ. Proc. Rule 50, 28 U.S.C., notwithstanding the verdicts and in the alternative for a new trial. The Roland estate has filed a motion for judgment in its favor under Rule 50 notwithstanding the verdicts. It has not filed a motion for a new trial.

The trial judge affirmed a point for charge submitted by Mrs. Mumford and Mrs. Thomas, which was:

"If you believe that the defendant, George Thomas, did not look for moving eastbound traffic on Route 563 as he approached the intersec-

tion, I charge you that he was guilty of negligence as a matter of law."

 It has been decided in Pennsylvania that the violation of a statute regulating highway traffic is negligence as a matter of law when the statute is final and conclusive in determining the standard of care to be applied to motorists: Jinks v. Currie, 1936, 324 Pa. 532, 188 A. 356 (failing to give a left turn signal), d'Ambrosio v. Philadelphia, 1946, 354 Pa. 403, 47 A.2d 256, 174 A.L.R. 1166 (riding on a tail-gate of a truck), Landis v. Conestoga Transportation Co., 1944, 349 Pa. 97, 100, 36 A. 2d 465 (exceeding statutory speed limit). However, when a statute "creates a standard so vague as to require definition by a court or jury" (Restatement, Torts, Sec. 285, Comment b) then it is for a jury to determine whether or not a defendant under the facts was guilty of negligence, and, where such a statute is under consideration, a court cannot declare an alleged violation of the statute to be negligence as a matter of law where the question before it is whether or not a defendant is guilty of negligence.

The Pennsylvania Vehicle Code provides, Sec. 1014(c), 75 P.S. § 573(c):

"The driver of vehicle entering a through highway or stop intersection * * * shall yield the right of way to all vehicles approaching in either direction on such through highway. This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way."

 This section, which applies to the facts in the present case, Martin v. Hoffman, 1950, 365 Pa. 364, 75 A.2d 529, 530, required of Thomas as he approached the intersection not a rigidly defined act or series of acts, but prescribed in general terms the standard of conduct expected of him as a motor vehicle operator driving a car on a through highway. It required him "to drive with due regard for the safety of vehicles entering such through highway." This statutory standard is so general and vague that it requires definition by a court and jury. Thomas' alleged negligence as a defendant was excessive speed under the circumstances and a failure to observe the highway in front of him carefully. Whether or not he drove at an excessive speed and/or failed to observe the highway carefully enough were questions for the jury as its part of the problem of determining whether Thomas met the general standard of due care set up by the Pennsylvania legislature and the courts. It was proper for the trial judge to submit this question of due care and alleged negligence to the jury, but it was incorrect for the trial judge to tell the jury that Thomas' failure to look amounted to negligence as a matter of law.

There was sufficient evidence to sustain the jury's finding that Thomas as a defendant was guilty of negligence. Martin v. Hoffman, supra, Edmondson v. McMullen, 1955, 381 Pa. 102, 112 A.2d 642. As a plaintiff the court might have charged that he was guilty of contributory negligence as a matter of law if he did not look as he approached the intersection, Schall v. Penn Transit Co., 1945, 352 Pa. 129, 42 A.2d 278; Ratcliff v. Myers, 1955, 382 Pa. 196, 113 A.2d 558, but it was error to charge that if he failed to look he, as a defendant, was guilty of negligence as a matter of law. For this reason, a new trial must be granted.

 The trial judge also ruled that since Roland was dead Mrs. Mumford, Mrs. Thomas and Mr. Thomas were incompetent to testify in all the cases on trial under the provisions of the Pennsylvania Act of May 23, 1887, P.L. 158, Sec. 5, 28 P.S. § 322. This ruling also seems to have been incorrect since these witnesses, being competent in some of the cases (the cases in which they were

not parties), appear to have been competent in all the cases, Demick v. Scheiwer, 1955, 381 Pa. 200, 113 A.2d 318. The depositions of these witnesses taken prior to the trial and their testimony taken by the trial judge after the trial indicate that their testimony would have added little to the evidence in the case, but in view of the fact that the evidence as to how the accident happened is entirely circumstantial and very meager, a new trial should be granted for this reason also to give them an opportunity to testify.

Thomas' motion as a defendant for a new trial will be granted. Motions for new trials have not been made in the other two cases. However, in my opinion, the ends of justice can best be served by granting new trials in all three of the suits before me, which, accordingly, will be done. See Ratcliff v. Myers, supra.

Thomas and the Roland estate have each filed motions for judgment in their favor under Rule 50 notwithstanding the verdict. There is ample evidence to support the jury's finding of negligence against both Thomas and Roland, but it is questionable whether there is sufficient evidence in the case to support the finding that Thomas' negligence was a substantial factor in causing the accident. There is no evidence as to the details of how the Roland car got in front of the Thomas car. Under the meager evidence in the case, it appears that perhaps the Roland car darted out into the intersection directly in front of the Thomas car in such a way that Thomas could not have avoided the accident even though he had not been guilty of negligence. This problem of proximate cause is a close one. The ruling on the question of proximate cause, however, will be postponed until after the new trial, when, perhaps, the facts will be clearer.

At the trial Thomas was represented by two lawyers, one of whom represented him through his insurance carrier and one of whom represented him personally. According to the briefs which have been filed in the case, the direct verdict and the contribution verdict against Thomas are in amounts just under the insurance coverage. Consequently, while Thomas' insurance counsel is pressing its motion for a new trial, Thomas' personal counsel is resisting it. What results, if any, will come from this anomalous situation will be determined after the new trial.

New trials are granted in all the cases. The motions for judgment under Rule 50 are denied.