Steinberg, Appellant, *v.* Sheridan.

Argued October 13, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Hymen Schlesinger,* for appellants.

*Warren S. Reding,* with him *Reding, Blackstone, Rea & Sell,* for appellee.

*William A. Challener, Jr.,* for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1965:

On March 22, 1957, Thomas Brennen and Mary S. Brennen were found dead in a third floor room of a "rooming-house" property owned by one Mary Sheridan and located at 1212 Buena Vista Street, Pittsburgh. Both persons, apparently, had died of carbon monoxide poisoning.[1] In the room where Brennens' bodies were found was a gas heater attached by a flue to a chimney and it was theorized that the cause of Brennens' death was carbon monoxide which had escaped from the gas heater into the room by reason of a defect either in the heater or in the chimney or both.

The personal representatives of Brennens' estates instituted wrongful death and survival actions in the Court of Common Pleas of Allegheny County against Mary Sheridan (the property owner), Equitable Gas Company (Equitable) (the gas supplier) and City of Pittsburgh (City). When the matter came on for trial before a court and jury, upon completion of plaintiffs' case, the City was granted a compulsory nonsuit and the trial which proceeded against Mary Sheridan and Equitable resulted in verdicts in their favor. The court below refused motions for a new trial and for judgment n.o.v. and from the judgments entered on the verdicts this appeal has been taken.

------

[1] Two other persons, in November of 1956, had been found dead in the same room. At the time Brennens' bodies were found, as the court below stated, "it was discovered that all of the windows in both rooms which comprised the apartment were closed; that the stove in the kitchen was on with all of the burners fully lit; as well as the oven, and the heater was lit".

On this appeal, several issues are presented: (1) whether the trial court erred (a) in excluding evidence of certain alleged standard codes of practice in the gas industry and (b) in refusing plaintiffs' request for the production of certain instruction procedures used by Equitable in training its service and maintenance employees; (2) whether the trial court erred (a) in instructing the jury that, under the factual circumstances present, Equitable had no duty to come upon the premises at 1212 Buena Vista Street, Pittsburgh, and to make an inspection and (b) in instructing the jury in reference to the duty and liability of Mary Sheridan as landlord and, particularly, in delineating the duty of the said landlord in a situation where the chimney on the premises was used in common by Brennens and other tenants; (3) whether the trial court erred in refusing plaintiffs' request for an investigation of the jury panel because the jurors on the panel allegedly had been subjected to some pre-trial investigation contrary to some agreement of the Allegheny County Bar Association.

As to the complaints that the court erred in the exclusion of evidence as to certain standard codes of procedure allegedly employed in the gas industry and as to certain instruction procedures allegedly employed by Equitable, we are satisfied that in the posture in which such evidence was offered in the court below, such evidence was properly excluded.

We have fully examined the charge of the court in its entirety. Such examination renders obvious the conclusion that the complaints as to error in the charge were based upon portions of the charge taken out of context and without adequate consideration of that which was stated in the charge as a whole, a practice we do not countenance: *Smith v. Clark*, 411 Pa. 142, 190 A. 2d 441; *DeMichiei v. Holfelder*, 410 Pa. 483, 189 A. 2d 882. Reviewed as a whole, the charge was prop-

er, adequate and fully consonant with the factual situation presented in the case at bar.

The request that we direct a hearing to determine what, if any, investigation was made of the jury panel prior to the selection of the petit jury in the case at bar is based upon reasons so nebulous in nature and so lacking in evidentiary support as not to warrant or require our consideration.

Judgments affirmed.

Mr. Justice MUSMANNO dissents.