## Mount et al., Appellants, *v.* Bulifant.

266

Argued November 20, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused June 15, 1970.

*Frederick D. Duden, Jr.,* with him *Duden & Galbally,* for appellant.

*Joseph G. Manta,* with him *James M. Marsh,* and *LaBrum & Doak,* for appellees.

OPINION BY MR. JUSTICE POMEROY, April 22, 1970:

An eight year old boy jumped or fell from the passenger-side running board of a slowly moving tractor-truck (operating without a trailer) and was severely injured by the right rear wheels. Actions in trespass were brought by the boy's parents on his behalf and in their own right against the truck driver and the owner

of the truck. The actions were consolidated for trial, and verdicts in favor of the defendants were returned in each case. From the judgments entered on the verdicts, these appeals were taken. Appellants' principal assignment of error pertains to the trial court's charge on the subjects of negligence and contributory negligence. Error is also alleged in the sustaining of an objection to questions put to the minor plaintiff on direct examination.

Plaintiffs' case on liability was based on the testimony of the injured boy and his older brother, while the defendants relied on the testimony of the defendant driver and a third party eyewitness to the accident. The conflicting theories of the parties are summarized by the court below in its opinion: "Plaintiffs' version of the case was that the minor plaintiff had been sitting on the running board and was trapped there when the truck suddenly started to move; that his older brother jumped on the running board to assist him; that thereafter both of them were standing on the running board; that the driver knew or should have known of their presence; and that both brothers fell off the running board (the older brother first) when the truck hit a bump, the minor plaintiff sustaining serious injuries. Plaintiffs contended that the defendant driver was either negligent or guilty of wanton and wilful misconduct. The defense was that minor plaintiff was a trespasser on the tractor (having been twice chased away from the tractor shortly before the accident); that both the minor plaintiff and his brother were sitting rather than standing on the running board; that the driver neither knew nor had reason to know of their presence; and that the minor plaintiff (as well as his brother) jumped from the running board while the truck was in motion. Defendants denied any negligence or wanton and wilful misconduct, and asserted the contributory negligence of the minor plaintiff."

Thus, the case presented the factual question of whether or not the minor plaintiff was a trespasser and the legal question of the standard of care owed to him (a) if he were on the tractor by permission, and (b) if he were a trespasser. Also involved was the factual and legal question of the contributory negligence of an eight year old minor.

Appellants concede that if the minor were a trespasser, defendants would be liable only if their conduct was willful or wanton, i.e., either intentional or in reckless disregard of the safety of the minor. They take issue, however, with the court's charge as to willful or wanton misconduct. Specifically, they state that although the law does not require actual knowledge of a trespasser's presence to render an actor guilty of wanton misconduct, *Evans v. Philadelphia Transportation Company,* 418 Pa. 567, 212 A. 2d 440 (1965), certain portions of the charge would indicate the contrary, and so were prejudicially erroneous.

We find no error in the charge concerning willful and wanton misconduct. In charging the jury, the trial judge first defined wanton misconduct and willful misconduct. He then instructed: "If you find that the driver did not know or have reason to know that anyone was on the tractor running board, then and in such case, it seems clear from the evidence that there was no willful or wanton misconduct driving of the vehicle, and under such circumstances your verdict must be for the defendants. That is, keeping in mind willful or wanton misconduct as I have defined these terms for you.

"Obviously, if a driver does not know that someone is on his running board, under the circumstances of this case where the driver operated at a speed which did not exceed, I believe 20, 25 miles per hour, then under those circumstances, there could be no liability, no willful or wanton misconduct, and a verdict should

then be returned. I so instruct you that in that case it should be in favor of the defendants."

The court then carefully explained what is meant by having "reason to know", and summarized by saying ". . . it is the legal equivalent of having actual knowledge." Relating this definition to his prior instruction, the court further stated: "If [defendant driver] did not know or have reason to know, then under the evidence there is no basis for a finding of willful or wanton misconduct, and a verdict should be for the defendants." This charge comports with our decision in *Evans v. Philadelphia Transportation Company,* supra, at p. 574, that *"actual* prior knowledge . . . need not be affirmatively established to constitute wanton misconduct."

It is true that after instructing the jury on the concept of "reason to know" and the legal equivalence of that concept to actual knowledge, the trial judge in four instances referred to the defendant driver's "knowledge" of the minor plaintiff's presence on the running board, without any accompanying qualification. Nevertheless, as in all cases where the accuracy of a charge is in issue, we must look to the charge in its entirety to determine whether or not error was committed and whether that error was prejudicial. *Steinberg v. Sheridan,* 416 Pa. 261, 264, 205 A. 2d 870 (1965) and *James v. Ferguson,* 401 Pa. 92, 97, 162 A. 2d 690 (1960). If, "when so viewed, it is not misleading, then it is not substantially erroneous, even though it may disclose inaccuracies, omissions, or even misstatements. . . ." *Harman v. Chambers,* 358 Pa. 516, 519, 57 A. 2d 842 (1948). We have no difficulty in concluding that the present charge, taken as a whole, was not misleading or erroneous.

Appellants also assert that the court below erred in its instruction as to the prohibition in The Vehicle Code, Act of April 29, 1959, P. L. 58, §1024, as

amended, 75 P.S. §1024B, against riding on the outside of a vehicle. The court charged that violation of this provision of the Code was "a clear case of contributory negligence", but it immediately cautioned that "this principle does not apply where the injury is caused by willful and/or wanton misconduct on the part of the driver", and stated that if the minor plaintiff were on the running board with the operator's permission, "the fact that he rode on the running board would not automatically convict him of contributory negligence." See *D'Ambrosio v. Philadelphia*, 354 Pa. 403, 47 A. 2d 256 (1946); *DiGiuseppe v. Hrivnak*, 359 Pa. 408, 59 A. 2d 164 (1948). Cf., *DeGregorio v. Malloy*, 356 Pa. 511, 516, 52 A. 2d 195 (1947). We find no error in the charge on this point. Moreover, no exception was taken to this portion of the charge, and the charge, even if erroneous, would not warrant a new trial unless the error were basic and fundamental. *Vanic v. Ragni*, 435 Pa. 26, 32, 254 A. 2d 618 (1969).

Appellants further allege error in the trial judge's refusal to affirm the following point for charge: "If you find that [the defendant-driver] saw that [the minor plaintiff] had sat on the truck, knew he intended to ride on it, put him off but did not exercise reasonable care to see he stayed off, then you may find for the plaintiffs." We find that the court's refusal on this point was correct. The requested point assumes that there was evidence from which the jury could find that the minor plaintiff intended to ride on the truck and that the defendant-driver knew of this intention. There was, however, no evidence to support either finding, and the court's refusal of the point for charge was not error.

The final point pressed on this appeal concerns the trial judge's sustaining of objections to certain questions put to the minor plaintiff during direct examination. The motion for a new trial did not mention any such

error. The matter was, however, argued to the court below and considered in its opinion, and we have reviewed the record relative to this issue. These questions were apparently designed to show from past practice the appellees' implied consent to the minor riding as a guest passenger on the vehicle. The fact that the minor plaintiff may previously have been permitted to ride *inside* appellants' truck as a guest passenger was not relevant to the issue of appellants' consent to the minor plaintiff riding *outside* the truck on the running board. Beyond this, appellants' counsel voluntarily withdrew the question objected to and declined to make an offer of proof when afforded the opportunity. No serious claim of error can be made in light of this trial decision.

Judgments affirmed.

Mr. Justice COHEN concurs in the result.

Mr. Justice EAGEN and Mr. Justice ROBERTS dissent.