### Musso v. Michak

*Christopher T. Powell,* for plaintiff.

*John R. Lenahan,* for defendant.

ROBINSON, P. J., June 25, 1971.—Plaintiff in this case sued to recover for personal injuries and automobile damage sustained in a collision with a car operated by defendant. The accident occurred on December 27, 1967 on Interstate Route 81 at a point approximately one mile north of the Moosic Street exit in this county. The issue was tried by a jury which returned a verdict in favor of defendant. Plaintiff filed a motion for a new trial, advancing 16 reasons therefor which complain of the trial judge's instructions to the jury and other errors. However, plaintiff has only presented three contentions in his brief and oral argument. These are: (1) That the court misstated the evidence in its charge to the jury; (2) that the court refused to charge relevant legal principles; and (3) that the charge as a whole was misleading, inadequate and highly prejudicial. Most of plaintiff's present complaints were not the subject of proper exceptions at trial and we consider them to be without merit.

The facts of the case may be summarized as follows: December 27, 1967, the day of the accident, was clear and cold, with a temperature of five degrees below zero. Both parties were on their way to work on Interstate Route 81. Plaintiff was proceeding in a northerly direction on the left or passing lane of Route 81 in the City of Scranton. Defendant was operating his vehicle about 90 feet to the rear of plaintiff's car in the same direction and in the same lane. The vehicles were traveling at a speed of 50 to 60 miles per hour. Suddenly, and without warning, the

radiator hose on plaintiff's automobile gave way and the car was completely enveloped in a cloud of steam and vapor. Plaintiff's car was obscured from defendant's vision. Plaintiff applied his brakes attempting to "stop immediately" as "soon" as he could and attempted to direct his vehicle to the left side of the lane when he was struck in the rear by defendant's vehicle which had been slowed to a speed between 10 to 16 miles per hour. The collision occurred in the left or passing lane of Interstate Route 81, northbound. Defendant testified that plaintiff's car disappeared in the cloud of steam and could not be seen; that plaintiff had stopped his car in the middle of the left lane in the cloud of steam and that he ran into plaintiff's vehicle; and that plaintiff's rear window was covered with snow. Defendant stated that he applied his brakes but could not turn to his right to avoid the steam and vapor because of traffic proceeding in that lane and that a front ornament on the hood of his car could not be seen when the impact took place.

The facts of the accident place it within the category of highway mishaps in which an operator can be properly liable only with respect to harm which proceeds from foreseeable risks or hazards. The duty of protection of persons and property on the highway extends only to reasonably foreseeable risks or hazards. The blinding effect of an instant snowswirl, occurrence of a sudden cloud of steam of vapor or similar happenstance, are in the category of natural hazards of highway travel. Want of ordinary care consists in failure to anticipate what is reasonably probable, not what is remotely possible: Metts v. Griglak, 438 Pa. 392; Brusis v. Henkels, 376 Pa. 226; Tua v. Brentwood Motor Coach Company, 371 Pa. 570. " '. . . the orbit of the danger as disclosed to the eye of reason-

able vigilance would be the orbit of the duty' ": Dahl-strum v. Shrum, 368 Pa. 423, 425, quoting Mr. Justice Cardozo in Palsgraf v. Long Island R. Co., 248 N.Y. 339. Nevertheless, the trial judge submitted the issue of negligence to the jury as the trier of the issue which forum decided in favor of defendant.

Defendant complains that the trial judge misstated the evidence as to whether plaintiff's car was stopped or moving at the moment of the impact. A reading of the charge discloses that the record does not support this contention and that the point was fairly and impartially put to the jury by the trial judge. The evidence on the point was in conflict. Plaintiff stated that his car was not stopped at impact; that it was in the left lane; that he had applied his brakes when the radiator hose broke; and that he was attempting to get his car off the road to the left. On cross-examination, however, plaintiff testified that he was directly in the passing lane when he came to a stop and the impact occurred. Defendant testified that plaintiff "was stopped dead," obscured by the steam at impact. The record shows that the trial judge fairly submitted the point to the jury, not only in the general instructions but at plaintiff's request and further instructions at the conclusion of the charge:

"Members of the jury, the learned counsel for the plaintiff has requested that I call your attention to four things that I said, or that at least he understood I said, in connection with reviewing the testimony. First he said the plaintiff did not say he stopped within fifty feet after the hose broke. That is my recollection of his testimony, but as I said before, it is your recollection that governs, not that of the court, not that of counsel, and if your recollection is different, then you take your own recollection of the testimony. If it is your recollection that he did not say he stopped

within fifty feet after his hose broke, it is your recollection that governs, not that of the court. And may I also remind you if you have any question about it, you can also come into court and have the court reporter read that particular part of the testimony.

"Also the learned counsel for the plaintiff complains that I did not state to you that the plaintiff said this was a moving collision, that is the car was in motion, his car was actually in motion, and was not stopped at that time. And I say to you in this connection again, all of the evidence is for you, and the recollection of the court and the recollection of counsel do not govern your recollection. Your recollection is the one that governs, and if it is your recollection that his car was moving at the time the collision occurred, then your recollection governs. If it is your recollection that the car was stopped, I am not taking this away from you or any question of fact away from you. It is your recollection that governs."

The charge as a whole reveals no prejudicial error in this respect. In view of the conflict of the evidence, the court was required to instruct as to the factual alternatives and plaintiff's testimony was not the only evidence on the point.

On the same point, whether plaintiff was stopped or moving at impact, plaintiff complains of error in the reading, at the jury's request, of plaintiff's testimony by the court reporter. The facts of this charge are that after the reporter read plaintiff's testimony on the point and the jury returned to deliberate, the reporter discovered cross-examination of plaintiff that she had not read. Whereupon, the trial judge sent for the jury and directed this part of the record to be read. As this testimony contained an admission by plaintiff that he was stopped in the passing lane at impact, plaintiff claims he was prejudiced. This complaint

hardly deserves comment. It was the duty of the trial judge to see that all of the testimony requested by the jury was read to them; otherwise prejudice to defendant would result. And it was not error in the absence of any request that the trial judge did not direct the reporter to read other aspects of plaintiff's evidence. The reading back of testimony at the request of the jury is a matter fully within the discretion of the trial judge and emphasis on any part of the evidence must be avoided: Commonwealth v. Peterman, 430 Pa. 627. No abuse of discretion in this regard appears in the record.

The trial judge did not err in refusing to charge "that if there was a moving collision" there would be no duty on the part of plaintiff to give a warning such as would be required if he were stopped. On plaintiff's testimony that when the radiator hose broke he applied his brake to bring his car to a stop as soon as he could, he was required by The Vehicle Code, as amended September 16, 1961, P.L. 1373, sec. 4, 75 PS §1012, to ascertain if the movement could be made in safety and before he did so give a signal plainly visible. This section also applied to plaintiff's testimony that he was turning from a direct line to get off of the highway. It was also in respect to this duty that defendant's evidence to the effect that snow covered plaintiff's rear window was relevant.

Nor was it error for the trial judge to refer to defendant's contention that plaintiff was negligent in not stopping off of the highway where there was room to do so. On defendant's evidence that plaintiff was stopped on the highway, this was legitimate argument. Further, the court did not err in refusing to charge that plaintiff had "no duty to pull off the highway at 55 or 65 miles an hour." The point is ill taken, since all of the evidence established that plaintiff was not traveling at such speeds at impact.

Plaintiff claims that the court erred in failing to charge that "the operator of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic conditions," and in omitting to charge "that the duty of the driver in the rear vehicle is to be vigilant and to have his car under control to prevent a rear end collision if the front vehicle suddenly stops." No request was made for such an instruction by plaintiff, and in the absence in the evidence of any indication of which defendant could be aware that the car ahead was coming to a halt, such instructions would not be applicable. See Cirquitella v. C. C. Callaghan, Inc., 331 Pa. 465. The accident here was not the product of a risk or hazard of normal operation but from one not reasonably foreseeable and the principles above referred to were not applicable.

Complaints that the verdict was against the evidence, the weight of the evidence and the law are unfounded. Although the trial judge may have been generous in submitting the case to the jury, it was for them to decide the issue of liability under the circumstances of the evidence.

There was no error in refusing an instruction that "even if the rear window [of plaintiff's car] was covered with snow it would not affect the causative negligence in this accident." Such instruction would have interfered with the jury's function and remove from their consideration evidence which was relevant on the issue of contributory negligence.

While plaintiff complains of the instruction on the sudden emergency doctrine, the point was not briefed or argued. These instructions were correct and adequate, Liuzzo v. McKay, 396 Pa. 183, and, upon plaintiff's request, the jury was instructed that the doctrine was applicable to the conduct of both plaintiff and defendant.

Finally, there is nothing in the record to substantiate the complaint that the court interfered with plaintiff's counsel's presentation of the case or "prejudged the issues because the plaintiff was unwilling to settle the claim."

Plaintiff's other complaints and charges are unfounded and deserve no discussion.

Where the accuracy of a charge is in issue, consideration must be given to the charge in its entirety to determine whether or not error was committed and whether that error was prejudicial; if, when so viewed, the charge is not misleading, then it is not substantially erroneous even though it may disclose inaccuracies, omissions or even misstatements: Mount v. Bulifant, 438 Pa. 265. Here, the present charge, taken as a whole, was not misleading, erroneous or otherwise prejudicial.

This court is not convinced that the judicial process has resulted in the working of any injustice to plaintiff and he is not entitled to a new trial. The verdict must stand: Kiser v. Schlosser, 389 Pa. 131.

Now, June 25, 1971, the motion for a new trial is denied and exception is allowed plaintiff.