393 A.2d 1209

**Wayne J. DEAVER, Appellant,**

v.

**Walter J. MILLER and Gloria F. Riccardo, Appellees.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 13, 1978.

Michael J. Pepe, Jr., Philadelphia, for appellant.

Roger E. Legg, Exton, for appellee, Walter J. Miller.

Michael B. Kean, West Chester, for appellee, Gloria F. Riccardo.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

In this action of trespass for alleged negligence, the lower court granted defendant-appellees' motion for a non-suit. The motion was made at the conclusion of plaintiff's case.

When the lower court refused to remove the non-suit, this appeal followed.

This action arose out of an automobile accident which the plaintiff-appellant claimed was caused by the negligence of the defendant-appellees in the operation of their respective cars. The non-suit was entered apparently because of the failure of plaintiff to prove that the respective defendants were owners of the cars involved in the accident.[1]

Paragraph Five of the complaint alleged that Miller was the owner of an automobile which he was negligently operating, striking the rear of plaintiff's automobile. Miller filed no answer.

Paragraph Six of the complaint alleged similarly that Riccardo was the owner of an automobile which she was negligently operating causing her vehicle to collide with the right side of plaintiff's vehicle. Riccardo filed an answer stating that she was the owner and operator of an automobile proceeding in a southerly direction on Route # 202, but denied that she negligently operated her automobile or that it collided with plaintiff's vehicle. Where the plaintiff moves to take off a non-suit in a personal injury action, plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence and all conflicts must be resolved in his favor. *Tolbert v. Gillette,* 438 Pa. 63, 260 A.2d 463 (1970).

The grant of the non-suit in appellee Miller's favor was clearly error. When Paragraph Five of the complaint was offered into evidence as undenied, the trial judge held it inadmissible to establish the identity of the person by whom a material act was committed and limited the offer to

1. Appellee Miller's motion for non-suit was predicated upon two grounds:

(1) That the plaintiff did not prove Miller's car was in the accident, and (2) plaintiff was contributorily negligent. Since contributory negligence as a matter of law is rarely the reason for granting a non-suit in automobile accident cases, in the absence of an opinion or statement by the lower court that such was the reason, it will be presumed that the matter of identification was the sole reason for the lower court's action.

establishing that "at such time and place defendant was the owner of an automobile which he was operating in a southerly direction and that he is the defendant." However, Pennsylvania Rule of Civil Procedure 1045(a) provides that undenied allegations may be offered to prove "the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved."

Plaintiff's counsel asked for permission to call defendant Miller for cross-examination because of the limitation the trial judge placed on the matter contained in the pleadings. Miller testified that he was operating a "brown '57 Chevy convertible" and "he was involved in an accident with other cars". Plaintiff had previously testified that he had been struck by a "red Chevrolet" not a convertible.

With the admission by Miller's failure to file an answer and his statement that he was involved in an accident, the grant of a non-suit was improper. The mere discrepancy in testimony of the color and type of car involved, considering that this accident occurred in a blinding snow storm and at least nine cars were involved, is an insufficient basis for a non-suit.

The grant of non-suit for appellee Riccardo was also improper. Paragraph Six aforementioned was offered and accepted into evidence to establish that "at the time and place alleged defendant Gloria F. Riccardo was the owner and operator of an automobile proceeding in a southerly direction on Route # 202." Also accepted into evidence was the following question and answer from pre-trial interrogatories submitted to defendant Riccardo:

Q: "Give a full description of the vehicle you were driving at the time of the accident."

A: "A 1965 Rambler Ambassador convertible."

The plaintiff had testified he had been struck by a white Rambler. Although a jury may not be permitted to

reach its verdict merely on the basis of speculation or conjecture, but must have evidence upon which logically its conclusion may be based, circumstantial evidence may be adequate to prove a plaintiff's case. It is not necessary that every fact or circumstance be established unerringly *Winkler v. Seven Springs Farm, Inc.,* 240 Pa.Super. 641, 359 A.2d 440 (1976). The circumstantial evidence in the case relating to Riccardo was sufficient to justify submission of the case against her to the jury.

Order reversed and a new trial is awarded against both defendants.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.