454 A.2d 647

**Sherry HILL, George Hill and Mary Hill, Appellants,**

**v.**

**William M. CRAWFORD.**

Superior Court of Pennsylvania.

Argued Jan. 13, 1982.

Decided Jan. 7, 1983.

Alan L. Carb, Pittsburgh, for appellants.

Daniel Paul Carroll, Pittsburgh, for appellee.

Before HESTER, BECK and VAN der VOORT, JJ.

PER CURIAM:

Appellants, Sherry Hill and her parents, George Hill and Mary Hill, have appealed the Order of the Court of Common Pleas of Allegheny County, sitting *en banc,* dated October 20, 1980, which refused to remove a compulsory non-suit, which had been entered by the trial judge at the close of appellants' case.

504

For the purpose of our review, we will view the evidence in the light most favorable to appellants, giving them the benefit of every fact and every reasonable inference of fact arising from the evidence, thereby resolving any conflicts in their favor. *Deaver v. Miller*, 260 Pa.Super. 173, 393 A.2d 1209 (1978); *Tolbert v. Gillette*, 438 Pa. 63, 260 A.2d 463 (1970).

On March 5, 1975, Sherry Hill, who was then 17 years old, and three of her friends were on their way home from school when they were offered a ride by appellee William M. Crawford in his pick-up truck. The three friends crowded into the cab of the truck, but Miss Hill refused to ride inside since one of the other girls would have had to sit on her lap. Crawford instructed her on how to ride on the running board by placing one hand on the tire brakcet and one hand inside the cab. Accordingly, she stood on the running board on the driver's side of the truck. Crawford then proceeded to drive the truck up a steep, rough, narrow road. He admitted that he was travelling at approximately 20 m.p.h. He also admitted that he may have been going faster. Crawford was not sure whether he shifted gears. Crawford then started to turn right into a side street at which time Sherry Hill fell from the truck. Although the testimony was conflicting, the jury could find that he did not slow down as he made the turn and that the truck finally stopped partially on the wrong side of the street into which it was turning.

The present cause of action arose prior to the enactment of Pennsylvania's Comparative Negligence Statute, Act of July 9, 1976, P.L. 855 No. 152, as amended, 42 Pa.C.S.A. Section 7102. The lower court concluded that Miss Hill, who was a licensed driver, by voluntarily riding on the running board of the truck in violation of the statute, 75 P.S. Section 1024 (superseded), was contributorially negligent as a matter of law, and that she was totally barred from recovery. *D'Ambrosio v. Philadelphia*, 354 Pa. 403, 47 A.2d 256 (1946). Appellants contend that she was not

contributorily negligent as a matter of law since she was not a trespasser, but a guest of the driver. *DiGiuseppe v. Hrivnak*, 359 Pa. 408, 59 A.2d 164 (1948); *Mount v. Bulifant*, 438 Pa. 265, 265 A.2d 627 (1970); *Harris v. Seiavitch*, 336 Pa. 294, 9 A.2d 375 (1939).

■ We agree with the lower court that Miss Hill's conduct constitutes contributory negligence *per se*. However, under the circumstances of this case, we do not agree that her contributory negligence operates to bar her recovery, as a matter of law.

■ It is undisputed that Crawford was aware that Miss Hill was riding on the running board on the driver's side of the truck. Of course, Crawford also violated a statute, 75 P.S. Section 1024 (superseded), by permitting her ride on the running board. The question which the jury must decide is whether Crawford's conduct in driving up the hill and making the right hand turn into the side street is of such a nature as to remove the bar of plaintiff's contributory negligence. The jury could so find for the plaintiff if it decides either that plaintiff's injury was proximately caused by the willful or wanton misconduct of Crawford (reckless disregard of plaintiff's safety) *Mount*, supra, 265 A.2d at 630; *Williams v. Philadelphia Transportation Company*, 219 Pa.Super. 134, 137, 280 A.2d 612, 614 (1971); or that Crawford had the last clear chance to avoid injuring plaintiff, who was in a known position of peril; *Lehman v. McCleary*, 229 Pa.Super. 508, 329 A.2d 862, 864 (1974); Restatement of Torts (Second), Section 479; *Polhemus v. Water Island, Inc.*, 252 F.2d 924, 927 (C.A. 3, 1958).

The appellants presented sufficient evidence for the jury to decide these questions.

Order Reversed and remanded to the jurisdiction of the lower court for further proceedings consistent with this Opinion.