11008. BIBB MANUFACTURING CO. *v.* THORNTON, by next friend.

SMITH, J. The plaintiff's petition as amended shows that she was 15 years old, and that prior to July 24, 1918, she was an employee of the defendant company, engaged in weaving, her duties being to place raw cotton on frames, but that on that date F. W. Morel, the alter ego of the company, put her to work dusting and rubbing off carding machines while they were in operation, — a much more dangerous work than the work she had been doing previously, — and that on that date, while she was in the performance of her new duties, the door of one of said machines was negligently left open by "each and all of the officers, agents, and employees" of the defendant, and in dusting and rubbing off the machines the piece of waste she was using was caught by "pinnacles" of one of the machines, causing her right hand to be suddenly drawn into the opening and mangled so that it became necessary to amputate her hand. It is alleged that the defendant was negligent in putting her to such dangerous work without giving her any instruction, warning, or information, and in not having the place and machinery about which she was put to work reasonably safe, in that the door of one of the machines was left open. It is further alleged that she was young and inexperienced at such work and unfamiliar with the danger incident thereto. *Held:*

1. The petition as amended set forth a cause of action and was not subject to general demurrer.

2. "There is no presumption of law that a minor over 14 years of age, who applies for a position involving dangerous service, is aware of the dangers and needs no instruction. The obligation to instruct an employee, before putting him to work, as to any of his duties which are dangerous, does not necessarily follow, as matter of law, from his minority when employed, his inexperience, the fact that the service is dangerous, and the fact that his inexperience is known to the employer. In a case like the present, it is a question for the jury whether the particular service was so dangerous, and its dangers so obscure, or whether the information of the employee was so limited or his mind so immature, at the time he was injured, as to render it needful and proper that instructions should have been given when he was employed or at some time previous to the injury." *Atlanta &c. R. Co.* v. *Smith,* 94 *Ga.* 107 (1, 2) (20 S. E. 673).

3. "It is the duty of the master to provide for his servant a reasonably

safe place in which to work, and to that end he is bound to make rea-sonable provision for the protection of the servant against dangers to which he is exposed while engaged in the work he is employed to per-form. For a failure to discharge such duty the master is liable to the servant for injuries caused thereby, and this is true though the injuries result from the concurrent negligence of the master and a fellow-servant of the one injured, where the injury could not have been sus-tained but for the failure of the master to perform such duty." *Jack-son* v. *Merchants Trans. Co.*, 118 *Ga.* 651 (45 S. E. 254). In the instant case it was, under the facts alleged, for the jury to say whether or not the plaintiff would have been injured had the defendant properly in-structed and warned her of the dangers incident to her work.

4. Whether the moving of the plaintiff to a more hazardous occupation without giving her instruction, warning, or information as to the den-gers incident thereto, or whether the failure to exercise ordinary care and diligence to provide her a reasonably safe place to work and rea-sonably safe machinery to work with, or whether the negligence of a fellow servant in opening the door of the machine at which she was injured was the proximate cause of her injury, and whether the dan-gers surrounding her work were so obvious as to preclude a recovery, are, under the circumstances alleged, all questions of fact for deter-mination by a jury. See, in this connection, *White* v. *Seaboard Air-Line Railway*, 14 *Ga. App.* 139 (1 *b*) (80 S. E. 667).

5. The special demurrers to the petition were properly overruled.

(*a*) A petition against a corporation for personal injuries which set forth the time when, the place at which, and the circumstances under which the injury occurred, and alleged that it was the result of the negligence of the officers, agents, and employees of the defendant, was not subject to a special demurrer raising the objection that the names of such officers, agents, and employees were not set forth in the peti-tion. See, in this connection, *Pierce* v. *Seaboard Air-Line Railway*, 122 *Ga.* 664 (2) (50 S. E. 468).

> *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
>
> DECIDED MARCH 11, 1920.

Action for damages; from city court of Macon — Judge Guerry. September 26, 1919.

*Miller & Jones,* for plaintiff in error.

*John R. L. Smith, Grady C. Harris,* contra.