34619. ALLGOOD *et al.* v. BUTLER.

CARLISLE, J. 1. "Questions of negligence, proximate cause, and failure to . exercise ordinary care in avoiding the consequences of another's negligence, etc., are all questions of fact, properly for determination by a jury under appropriate instructions as to·the applicable principles·of law; and it is only in plain and indisputable·cases that the court as a matter of law will determine them . . . [citations]. It is true that where an injury is the result of the plaintiff's own negligence, or where the plaintiff fails to exercise proper care for his own safety·on discovering the negligence of the defendant, or·where by the exercise of ordinary care he could have apprehended the defendant's negligence, he cannot recover; but even though the plaintiff was negligent in some manner, where the defendant's negligence caused the injury and was of a greater degree than plaintiff's, the plaintiff could still·recover, although his recovery would be diminished in the proportion his negligence compared with the negligence of the defendant. However, where the negligence of the plaintiff and the defendant are equal, or the negligence of the plaintiff is more than that of the·defendant, the plaintiff could not recover. See *Rogers* v. *McKinley,* 48 *Ga.* App. 262 (172 S. E. 662). Ordinarily these are all questions of fact for the jury.

It is to be remembered that a plaintiff is not required to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence; but his petition is sufficient to withstand a general demurrer where it alleges that his injury was the result of defendant's negligence, setting forth facts from which the jury might find that the defendant was negligent. However, if the facts alleged by the plaintiff affirmatively show that after discovering the negligence of defendant, or if the same could have been apprehended by the exercise of ordinary care upon plaintiff's part, plaintiff failed to exercise due care to prevent the consequences of defendant's negligence, that is, failed to exercise ordinary care for his own safety, the plaintiff could not recover." *Pollard* v. *Heard,* 53 *Ga. App.* 623 (186 S. E. 894).

2. Under an application of the foregoing principles of law to the allegations of the present petition, the truth of which is assumed as against general demurrer, the trial court did not err in overruling the defendant's joint general demurrer. The petition shows that the defendants were negligent as a matter of law. The defendant Allgood's truck and trailer, loaded with a bulldozer, was proceeding north on Peters Street in the City of Atlanta. The bulldozer blade extended two feet on each side of the eight-foot trailer. The extreme ends of the blade were not marked with red flags, as .is required of vehicles carrying loads which extend more than one foot to either side of the vehicles under a valid city ordinance existing at the time; and the total width of the trailer and its load exceeded 96 inches, in violation of Code (Ann. Supp.) § 68-405. The plaintiff's wife was driving behind the Allgood vehicle, which was in the outside lane of Peters Street. As the Allgood vehicle stopped for a red light at the intersection of Peters Street and West By-Pass Expressway, the plaintiff's wife drove his car into the inside lane of Peters Street alongside the trailer, and the extended bulldozer blade tore into the right side of the plaintiff's car, causing enumerated injuries. Whether the plaintiff's wife was also negligent in striking the extended blade as she drove alongside the trailer, and if negligent, the degree of her negligence, are questions of fact for the jury. It does not affirmatively appear from the petition that in the exercise of ordinary care she should have discovered the unmarked blade extending two feet from the body of the trailer as she was driving alongside the trailer, so as to have avoided the consequences of the defendants' negligence, and this is so even under a construction of the petition most strongly against the pleader, as it does not appear that the blade was within the range of her vision at the time the plaintiff's car struck the blade. The damage to the plaintiff's car was to the right-hand door and the surrounding area, opposite the driver's seat. .

3. The plaintiff proved his case substantially as laid. The damages awarded by the court were well within the range of the proof, and the court, sitting without the intervention of a jury, resolved the questions of negligence, proximate cause, comparative negligence, etc., under the evidence, and this court will not, therefore, disturb the judgment.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 15, 1953.

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* for plaintiffs in error.

*Zack D. Cravey, Jr.,* contra.

T. W. Butler brought an action for damages to his automobile against W. H. Allgood, doing business as the W. H. Allgood Company, and against Robert Lee Stokes, and alleged in his petition substantially the following: On June 24, 1952, the plaintiff owned a 1950 Mercury automobile which his wife was driving north on Peters Street, a public street, in the City of Atlanta. At the same time the defendant Stokes was driving the defendant Allgood's truck and trailer with a bulldozer thereon north on Peters Street. The plaintiff's wife was driving behind the defendant's truck. The defendant Stokes stopped the truck for a red light at the intersection of Peters Street and West By-Pass Expressway. At that time the blade on the bulldozer extended more than two feet beyond the width of the trailer on each side. The trailer had a total width of eight feet. At the time in question there was no red flag attached to the trailer on the bulldozer's blades. The plaintiff's wife drove his automobile alongside the trailer in the inside lane of Peters Street. As she drove alongside the trailer, the extended blade of the bulldozer tore into the right side of the plaintiff's automobile, causing enumerated damages. At the time Stokes was an agent and employee of the defendant Allgood, engaged in Allgood's business and acting within the scope of his employment. At all times mentioned, there was a valid existing ordinance, a copy of which is attached to the petition, prohibiting a vehicle the use of the streets with a load projecting more than one foot from either side of the vehicle, unless a red flag is attached to the extreme ends of the projecting load. The defendant Stokes was negligent in driving the vehicle with a load projecting more than two feet on each side of the vehicle without a red flag attached thereto, in violation of the ordinance of the City of Atlanta, which constituted negligence per se; in damaging the plaintiff's car; and in driving a vehicle with a total outside width, including the load, of more than 96 inches, in violation of Code (Ann. Supp.) § 68-405. All of the aforesaid damage

to the plaintiff's automobile was directly and proximately caused by the above acts of negligence, taken as a whole, singly, or in combination. The plaintiff's car had been driven only 6,000 miles, had never been wrecked, and was in good condition. The market value of the car before the collision was $1,900; the market value after the collision was $1,200. The plaintiff has not had the use of the car for a period of thirty days, and shows that a reasonable sum to compensate him therefor and to pay the expenses incurred thereby is $5 per day. The prayer was for $850 damages plus costs.

The defendants filed their joint answer and joint general demurrer. The trial court overruled the demurrer and they preserved exceptions pendente lite, upon which error is assigned in this court.

On the trial of the case before a judge without the intervention of a jury, the court entered judgment for the plaintiff against the defendants in the amount of $410 plus costs. The defendants' motion for new trial, based solely upon the general grounds, was denied and they excepted.