### 39487. JOHNS v. SECRESS.

DECIDED MAY 22, 1962.

McCamy, Minor & Vining, for plaintiff in error.
Walter H. Bolling, contra.

CARLISLE, Presiding Judge. This was a suit brought by Ruby S. Secress against Dennis Johns, Jr., in the Superior Court of Murray County, to recover the full value of the life of her husband, Robert E. Secress, who, according to the allegations of the petition and as shown by the evidence adduced upon the trial, was killed as the result of a collision between a car driven by him and one driven by the defendant. The plaintiff sued for $24,450.59. The jury returned a verdict for $4,500, and the defendant made a motion for a new trial on the general grounds which was overruled and the exception here is to that judgment. The sole question presented by the record is whether or not the evidence authorized the verdict.

The evidence shows that the collision occurred at the intersection of State Highway 225 and Brown Bridge Road in Murray County. State Highway 225 runs, generally, north and south and Brown Bridge Road crosses that highway at approximately a right angle. The defendant was driving his automobile in a

northerly direction along Highway 225 and the deceased was driving his automobile in a westerly direction on Brown Bridge Road. The evidence was undisputed that Brown Bridge Road has erected thereon at the intersection of State Highway 225 a stop sign which is plainly visible and which required traffic approaching the intersection on Brown Bridge Road to stop before entering or attempting to cross over State Highway 225. The evidence is further undisputed that the deceased did not stop his automobile before driving it into the intersection. The only eyewitnesses to the collision were a brother of the deceased who was riding in the automobile with him, and the defendant. The deceased's brother testified that the deceased approached the intersection at approximately 10 miles per hour and that he was not looking to his left but was looking to his right; that he (the witness) called the deceased's attention to the approaching of the defendant's automobile and advised the deceased to "step on it, you can make it"; that the deceased then drove out into the intersection and was more than halfway across the intersection when the left side of his automobile was struck by the automobile of the defendant at a point just to the rear of the left center post, and while the defendant's automobile was some 10 to 12 inches over the center line of the highway. The impact of the defendant's automobile with the deceased's automobile hurled the deceased's automobile some 60 feet in a northwesterly direction where it struck a 12-inch power pole, snapping it off at the ground, and it continued for another 60 feet or so where it came to rest. The witness for the plaintiff testified that in his judgment the defendant was approaching the intersection in excess of the legal speed limit and at about 80 miles per hour. On the other hand the defendant testified that he was driving no more than 60 miles per hour and that the deceased approached the intersection without slowing down at a speed of around 25 or 30 miles per hour and that he did not realize that the deceased was not going to stop until it was too late to avoid the collision.

The oft stated rule that "questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate

cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury," is applicable to this case. *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726), and cits. The evidence was in conflict. The jury apparently chose to believe the testimony of the eyewitness for the plaintiff as supported by the evidence of the physical facts as to the force of the impact of the defendant's automobile with that of the deceased, that the defendant was negligent in approaching the intersection at the speed at which he was driving, and that his negligence was greater than that of the deceased.

Under the facts disclosed by the evidence in this case, the deceased had the absolute duty to come to a full stop before entering the intersection and to yield the right of way to any other vehicle already within the intersection or approaching so closely thereto on the through highway as to constitute an immediate hazard. *Code Ann.* § 68-1665; *Richardson v. Coker,* 78 Ga. App. 209, 213 (1) (50 SE2d 781); *Nipper v. Collins,* 90 Ga. App. 827, 829 (2) (84 SE2d 497). Unquestionably the deceased was negligent as a matter of law in that he violated this requirement of the law, since the evidence showed without dispute that he was faced with a properly placed stop sign and that he did not in fact come to a complete stop. But, negligence per se, of which the deceased was admittedly guilty, is no greater as a matter of law than negligence as a matter of fact, and it is the right and province of the jury to determine the degree or amount of negligence attributable to each party and whose negligence is greater and whose and what negligence was the proximate cause of the injuries complained of. While an act defined by the law as negligence per se is not issuable, in the sense that no issue may be made as to the act being or not being negligence, yet it is still within the exclusive province of the jury to determine whether one shown to have been guilty of negligence per se was guilty of greater negligence than another shown to have been guilty of some other kind of negligence per se or merely of negligence as a matter of fact and to compare the two and determine which is greater. The fact that the evidence demanded the jury to find that the plaintiff's husband was guilty of an act of negligence per se did not preclude the

jury from going further and finding that the defendant was also guilty of negligence either as a matter of fact or as a matter of law and then comparing the negligence of the two and finding that the defendant's negligence was greater than that of the deceased. The verdict shows that the jury apparently did in fact compare the negligence of the deceased and of the defendant and reduced the plaintiff's recovery on the basis of that comparison. While the verdict may be one that this court or the members thereof would not have rendered had they sat upon the jury, nevertheless, it is still at least authorized by the evidence. See *Laseter v. Clark*, 54 Ga. App. 669 (1) (189 SE 265). The jury had the burden and the duty of resolving the issues of fact, and the trial court having approved that resolution of those issues by the jury, this court cannot say that the evidence demanded a finding contrary to the jury verdict or that the deceased was so contributorily negligent as to bar the plaintiff of a recovery. The overruling of the motion for a new trial on the general grounds was not error.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*