42445.   PEACOCK v. SHEFFIELD.

Argued January 9, 1967—Decided January 31, 1967.

*J. Corbett Peek, Jr., Milton Harrison, Glenville Haldi,* for appellant.

*Smith & Harrington, Will Ed Smith,* for appellee.

QUILLIAN, Judge. ■ At the close of the evidence, counsel for the defendant moved for a directed verdict in the following language which we quote in part: "At this time I would like to move for a directed verdict on behalf of the defendant in the proposition under the law that the evidence clearly shows that whatever negligence the defendant may have been guilty of, if any, was a static condition, and the evidence clearly shows that the plaintiff through the exercise of ordinary care could have seen him or should have seen him and avoided the consequences of any negligence that the defendant may have been guilty of. I realize that usually the question of negligence is one for the jury to determine, but I think the facts in this case are so clear. . . [Here follows a recitation of the facts upon which the defendant relies.] So it is our position that it is clear that through the exercise of ordinary care he could have avoided this—any injury to himself."

The motion for judgment notwithstanding the verdict set out that the defendant should have had his motion for directed verdict granted because the evidence demanded a verdict in his favor and was predicated on the following grounds: "there being no evidence to show that this defendant was guilty of negligence, there being evidence to show as a matter of law that the deceased . . . failed to exercise ordinary care for his own safety, there being evidence to show conclusively that the deceased . . . was guilty of negligence proximately causing his injury and death and further that the evidence showed that as a matter of law the deceased . . . could, through the exercise of ordinary care, have avoided any negligence of the defendant."

"The sole purpose of a motion for judgment n.o.v. in this jurisdiction is to permit the trial court to review and reconsider

its ruling on the antecedent motion for a directed verdict. This court in each case where a ruling entered on a motion for judgment n.o.v. is before it for review will limit consideration to the grounds which are the same as those urged on motion for directed verdict." *Crown Carpet Mills v. Goodroe Co.,* 108 Ga. App. 327 (1) (132 SE2d 824). *Sunbrand Supply Co. v. Garment &c. Corp.,* 99 Ga. App. 72, 75 (107 SE2d 680); *Wright v. Trust Co. of Ga.,* 108 Ga. App. 783, 784 (134 SE2d 457).

Hence, we can not consider the ground of the judgment notwithstanding the verdict that there was no evidence showing the defendant was negligent since this contention was not an integral part of the motion for a directed verdict.

■ We therefore only pass upon the identical grounds of the motion for directed verdict and judgment notwithstanding the verdict, to wit: does the evidence show indisputably that the deceased, through the exercise of ordinary care, could have avoided the consequences of any negligence on the defendant's part. "The motion for a judgment notwithstanding the verdict . . . can have merit only if this evidence demands as a matter of law a finding that the plaintiff was so lacking in ordinary care for his own safety as to have by his acts been the preponderating proximate cause of his injuries, or else that he failed to exercise ordinary care after the negligence of the defendants became known to him." *Reynolds v. Rentz,* 98 Ga. App. 4, 9 (104 SE2d 608).

This court has held: "Speed alone in excess of the speed limit would not bar the plaintiff's recovery . . . but would present a jury question as to whose negligence preponderated to cause the injuries." *Higdon Grocery Co. v. Faircloth,* 107 Ga. App. 558, 561 (130 SE2d 760); *L. & N. R. Co. v. Stafford,* 146 Ga. 206, 209 (91 SE 29). "Negligence per se, of which the deceased was admittedly guilty, is no greater as a matter of law than negligence as a matter of fact, and it is the right and province of the jury to determine the degree or amount of negligence attributable to each party and whose negligence is greater and whose and what negligence was the proximate cause of the injuries complained of." *Johns v. Secress,* 106 Ga. App. 96, 98 (126 SE2d 296).

"Ordinarily questions of negligence, gross negligence, contributory negligence, and whose negligence was the proximate cause of an injury, and related questions are for the jury alone, and the courts will decline to solve such questions . . . except in plain, palpable, and indisputable cases." *Brown v. Binns*, 87 Ga. App. 485 (2) (74 SE2d 370) ; *Allgood v. Butler*, 88 Ga. App. 231 (1) (76 SE2d 437; *Malcom v. Malcolm*, 112 Ga. App. 151 (144 SE2d 188).

Under the facts of this case it can not be held as a matter of law that the deceased acted in so negligent a manner as to preclude any recovery. *McDowall Transport v. Gault*, 80 Ga. App. 445 (56 SE2d 161). See also *Harper v. Williams*, 89 Ga. App. 645, 647 (80 SE2d 722) ; *Reynolds v. Rentz*, 98 Ga. App. 4, supra. Here as in the *Johns* case, 106 Ga. App. 96, supra, the verdict shows that the jury apparently did in fact compare the negligence of the deceased and of the defendant and reduced the plaintiff's recovery on the basis of that comparison.

The trial judge did not err in allowing the case to go to the jury.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*