738

JORDAN, Presiding Judge. This is a wrongful death action by a widow to recover for the death of her husband who was killed as the result of injuries while operating a bulldozer as a servant of the defendant, when a tree fell across the machine, which was not equipped with a guard to protect the operator. The jury found for the plaintiff, and judgment was entered thereon. The defendant appeals, assigning error on the refusal of the trial judge to direct a verdict for the defendant; grant judgment n.o.v. for the defendant, or in the alternative, sustain a motion for new trial limited to the general grounds. *Held:*

In essence the controlling question before this court is whether there is any evidence which would authorize a jury to determine that the master was liable, applying settled rules of law with respect to negligence actions and the master-servant relationship, including particularly in this case the rules set forth in *Code* §§ 66-301 and 66-303 regarding the duty of the master, assumption of risk by the servant, and knowledge, or the lack of it, on the part of either. Ordinarily, what constitutes ordinary care, or the lack of it, whether a servant assumed a risk which caused the injury, and similar questions, are mixed issues of law and fact peculiarly for jury resolution, and to some extent must be based on inferences to be drawn from the evidence. "Our appellate courts have held in hundreds of cases that questions of negligence, diligence, contributory negligence and proximate cause are peculiarly matters for the jury and a court should not take the place of a jury in solving them except in plain and undisputable cases." *Seagraves v. ABCO Mfg. Co.* 118 Ga. App. 414, 420 (164 SE2d 242).

The evidence authorized a finding that a guard on the dozer would have protected the servant, and there is some evidence from which a jury could infer that the danger incident to the employment in operating the dozer without a guard was one which the servant did not fully understand or appreciate, as to which he may not have been adequately warned, and in respect to which the master may have had superior knowledge. From a consideration of all of the evidence we are of the opinion that

judgment was not demanded as a matter of law for the defendant, and that the trial judge properly allowed the jury to make the determination. See *Cochrell v. Langley Mfg. Co.*, 5 Ga. App. 317, 323 (63 SE 244); *Taylor v. Bolton*, 121 Ga. App. 141 (173 SE2d 96); *Bibb Mfg. Co. v. Thornton*, 25 Ga. App. 73 (102 SE 465).

*Judgment affirmed. Quillian and Evans, JJ., concur.*
SUBMITTED SEPTEMBER 15, 1971—DECIDED OCTOBER 15, 1971—
REHEARING DENIED OCTOBER 29, 1971—

*Herman J. Spence, Bobby C. Milam, Ben F. Carr*, for appellant.
*Parker, Parker & Rary, J. C. Rary, Lewis M. Groover, Jr.*, for appellee.