## 50280. McCLURD et al. v. REDDICK et al.

MARSHALL, Judge.

Reddick was injured while standing near a log shaving machine, being operated by some of the defendants. He brought suit against five defendants, McClurd Enterprises, Inc.; J. M. McClurd; Amxco, Inc.; Leon Young; and Emory Young, all of whom were engaged in various stages of installation of the log shaving machine in a sawmill plant of McClurd Enterprises. Later, two other defendants, Soderhamn Machine Manufacturing Co. and Fulghum Industries, Inc., as manufacturers of the machinery, were made parties defendant. After a lengthy trial, the jury returned a verdict in favor of the plaintiffs, Reddick and his wife, against only two of the defendants, J. M. McClurd and McClurd Enterprises, Inc. The latter two defendants appeal on the general grounds, and on the specific grounds, that (1) the verdict exonerating the other defendants was inconsistent with the verdict against the appellants, (2) a portion of the charge was error, (3) the plaintiffs' attempted introduction of evidence was error,

and (4) J. M. McClurd, as an individual, could not be held liable. *Held:*

1. Appellants' argument as to the general grounds (Enumerations 1 through 3) are that the trial court erred in denying its motion for directed verdict, new trial, and for judgment notwithstanding the verdict because there were no issues of fact and the evidence demanded a finding that the appellants were not negligent. The allegations of negligence were that the appellants breached their duty to protect the plaintiff employee from injury from an admittedly dangerous piece of machinery. Appellants contended that there was no duty to provide an *absolutely* safe place to work, and that Reddick's negligence contributed to his injury when he "wandered into" an obviously dangerous place and failed to heed warnings which were given before and when the machinery was placed into motion. The evidence reveals that there were factual disputes as to the appellants' knowledge of the plaintiff's presence near the machinery, the safety of the design of the machinery, the plaintiff's regard for his own safety, and the degree of warnings which could have been given or which were given. These were all issues which were within the peculiar province of the jury. *Mathis-Akins &c., Inc. v. Tucker,* 127 Ga. App. 699 (1) (194 SE2d 604); *Peacock v. Sheffield,* 115 Ga. App. 116 (2) (153 SE2d 619); *Long Const. Co. v. Ryals,* 102 Ga. App. 66 (1) (115 SE2d 726); *Cox v. Norris,* 70 Ga. App. 580 (3) (28 SE2d 888). Cf. *Jones v. Aaron,* 124 Ga. App. 738 (186 SE2d 132).

2. There was no inconsistency in the verdict which found only appellants J. M. McClurd and McClurd Enterprises, Inc., liable to the plaintiffs and which exonerated all other defendants. One of the other named defendants, Emory Young, actually started the machinery in motion upon direction from J. M. McClurd. Even if Young were acting as the agent of J. M. McClurd when he started the machinery, the jury was authorized to find that McClurd's liability was not solely derived from Young's act and not "dependent entirely on the principle of respondeat superior" (*Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, 227 (6 SE2d 460)), but was based on other independent acts of negligence. The

allegations against each of the other defendants were of separate and distinct acts from those of defendants J. M. McClurd and McClurd Enterprises, Inc. Nor is a finding in favor of the two defendant manufacturers a finding that the equipment was not unsafe or that no warning devices were required to be installed in the machinery. The alleged negligence on the part of the appellants was not based solely on the inherently unsafe machinery but on the manner in which it was installed and operated.

3. Appellants contend that the trial court erred in charging Code § 66-301, which provides in part, "If there are latent defects in machinery, or dangers incident to an employment, unknown to the servant, of which the master knows or ought to know, he shall give the servant warning in respect thereto." It is appellants' contention that there was no evidence of latent defects in the machinery. While the evidence does not show a latent defect in the machinery itself, the evidence was sufficient to support appellees' theory that there was a latent defect in the manner in which the machinery was installed, or in the appellants' failure to install a warning device on the machinery at the sawmill.

4. Appellants contend that on several occasions during the trial the plaintiff attempted to introduce inadmissible evidence that appellants had installed a warning device on the machinery after the appellee was injured. Of course, such evidence is inadmissible. *Flowers v. Slash Pine Electric &c. Corp.*, 122 Ga. App. 254 (3) (176 SE2d 542). But a reading of the record reveals that, even though such evidence was sought from a witness by the plaintiffs, the appellants' objections were sustained before the witness was allowed to testify.

5. Even if evidence shows that J. M. McClurd was an employee of McClurd Enterprises, Inc., and was acting within the scope of his employment when he allegedly acted negligently in causing injury to the plaintiff, he may be held personally liable. The machinery was installed in the plant under the supervision of J. M. McClurd who also designed and supervised the construction of the control shack from which the machinery was operated. The evidence of negligence of J. M. McClurd was in constructing the control shack in such

a manner that the operator could not see anyone standing where plaintiff was when the machinery was put into motion. Such evidence was sufficient to support a jury verdict against J. M. McClurd.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED MARCH 3, 1975 — DECIDED MAY 23, 1975 —
REHEARING DENIED JUNE 17, 1975 — ▇▇▇▇▇▇▇▇

*Hutto & Palmatary, J. S. Hutto, Fendig, Dickey, Fendig & Whelchel, Albert Fendig, Jr., Lissner & Killian, Jack J. Lissner, Jr., Nightingale, Liles & Dennard, B. N. Nightingale, Bouhan, Williams & Levy, Walter Hartridge, E. Kontz Bennett, Sr., Edward E. Boshears,* for appellants.

*Taylor, Bishop & Lee, James A. Bishop, Terry L. Readdick,* for appellees.