## 55964. EAST SIDE AUTO PARTS, INC. v. WILSON.

QUILLIAN, Presiding Judge.

Appeal was taken in this case by the defendant from a judgment entered on a jury verdict finding for the plaintiff in the amount of $16,500. The plaintiff had sought damages for injuries he sustained by virtue of the defendant's alleged negligence. *Held:*

1. It is contended that the plaintiff was precluded from recovering because he failed to exercise ordinary care for his own safety, in that he voluntarily placed himself in a position of peril and assumed the risk of his exposure thereto. *Taylor v. Morgan,* 54 Ga. App. 426, 430 (188 SE 44); *Beasley v. Elder,* 88 Ga. App. 419 (2) (76 SE2d 849).

Under the instant factual situation the questions of negligence, proximate cause, comparative negligence, and assumption of the risk were properly issues for the jury's determination. *Jones v. Aaron,* 124 Ga. App. 738 (186 SE2d 132).

2. The defendant enumerates as error four charges dealing with a landowner's obligations to an invitee with regard to discovery of defects, warning as to dangers, having the premises in a reasonably safe condition, creating or maintaining a dangerous instrumentality, and creating, or permitting to exist, a condition of danger.

It is a well established rule that an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. *Camp v. Phillips,* 42 Ga. 289. "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." *Pope v. Associated Cab Co.,* 90 Ga. App. 560, 561 (83 SE2d 310). Accord, *Carroll v. Hayes,* 98 Ga. App. 450, 455 (105 SE2d 755).

Here, according to the plaintiff's evidence, he was injured when he was thrown from a damaged vehicle which was being lifted by the defendant's forklift truck. He testified that he had been requested by the defendant's employee and agent to stand upon the vehicle for the purpose of steadying it while it was being lifted by the

forklift truck. There was evidence that the road on which the forklift truck was operating, and which was on the defendant's premises, was "washed" with "gutters" and "ruts in it." The jury might well have reasoned that this condition contributed to, or was a cause of, the plaintiff's injuries. There being some evidence to sustain the instructions, it was not error to give them.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JUNE 7, 1978 — DECIDED JULY 14, 1978.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellant.
*Mitchell, Mitchell, Coppedge, Boyette, Wester & Bates, Warren N. Coppedge, Jr., Richard C. Sutton,* for appellee.