## 61412. STEELE v. TURNER.

SOGNIER, Judge.

Turner, a real estate broker, brought this action to recover his commission for the sale of Steele's farm. The jury returned a verdict for Turner and Steele appeals. He contends the trial court erred by denying his motion for a directed verdict, and by entering judgment on the verdict. Steele contends there was no evidence to show either negotiations with Turner, or that Steele had knowledge of any negotiations with a prospective purchaser by Turner to sell the farm. In substance, he is appealing on the general grounds.

1. In regard to Steele's motion for a directed verdict, Code Ann. § 81A-150 provides that such a motion will be granted where there is *no conflict* in the evidence and a verdict is demanded. See *State Farm &c. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972). As there is a sharp conflict in the evidence in the instant case, the trial court did not err in denying appellant's motion.

2. "In determining whether or not a [real estate] broker was the procuring cause of the sale where there is no exclusive contract to sell, it must be established that (i) the negotiations were still pending between the broker and the prospective purchaser; and (ii) the owner was aware that the negotiations were still pending at the time he consummated the sale." *Hodges-Ward Assoc. v. Ecclestone,* 156 Ga. App. 59, 61 (273 SE2d 872) (1980). While there was a conflict in the evidence, it was sufficient to authorize a finding by the jury that Turner met these two requirements. " ' "It is our duty to construe the evidence to uphold the verdict instead of upsetting it. [Cit.]" *Hieber v. Watt,* 119 Ga. App. 5, 9 (165 SE2d 899).' [Cit.] The evidence here, though conflicting in some aspects, was sufficient to support the verdict." *Bell v. Brewton,* 139 Ga. App. 463, 464 (1) (228 SE2d 600) (1976). Hence, we will not disturb the trial court's entry of judgment on the verdict.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MAY 28, 1981 —
REHEARING DENIED JUNE 18, 1981

*Loyd Hall Black, Jr.,* for appellant.
*Jack S. Davidson, Glenville Haldi,* for appellee.