## 64131. MIDLAND-ROSS CORPORATION v. ROSENTHAL.

CARLEY, Judge.

Appellee-plaintiff was engaged in the course of his employment when "something got caught" in a piece of machinery manufactured by appellant-defendant. Appellee's arm was pulled into the machine and he received extensive injuries. Appellee instituted the instant action, seeking a recovery against appellant in negligence and in strict liability. The case was tried before a jury, and a verdict was returned for appellee. Appellant appeals, enumerating as error the denial of its motion for a directed verdict.

"Code Ann. § 81A-150 provides that . . . a motion [for directed verdict] will be granted where there is *no conflict* in the evidence and a verdict is demanded. [Cit.]" *Steele v. Turner,* 158 Ga. App. 838 (1) (282 SE2d 365) (1981). "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Speir v. Williams,* 146 Ga. App. 880, 881 (247 SE2d 549) (1978).

" '[O]rdinarily, the question whether a particular design is defective and could thus cause injury is for the jury.' [Cit.]" *Long Mfg. v. Grady Tractor Co.,* 140 Ga. App. 320, 321 (231 SE2d 105) (1976). "A manufacturer and retailer of a product which, to their

actual or constructive knowledge, involves danger to users have a duty to give warning of such danger to the purchaser 'at the time of sale and delivery.' [Cits.] The sufficiency of that warning is for the jury. [Cit.]" *Beam v. Omark Industries,* 143 Ga. App. 142, 145 (237 SE2d 607) (1977). "Questions of negligence, including the related issues of assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence and comparative negligence, are not ordinarily susceptible of summary adjudication whether for or against the plaintiff or the defendant, but must be resolved by a jury. [Cits.]" *Brooks v. Douglas,* 154 Ga. App. 54, 58 (267 SE2d 495) (1980).

Applying the above stated principles of law to the instant case, we cannot say that the verdict for appellee was without any evidence to support it and that a verdict for appellant was demanded as a matter of law. See generally *McClurd v. Reddick,* 135 Ga. App. 136, 137 (1) (217 SE2d 163) (1975); *Inta-Roto v. Guest,* 160 Ga. App. 75, 77 (3) (286 SE2d 61) (1981).

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 1, 1982 —
REHEARING DENIED OCTOBER 18, 1982 —

*James S. Owens, Jr., Robert L. Goldstucker,* for appellant.
*George H. Connell, Jr., Douglas H. Jones,* for appellee.