## 67349. SOUTHEAST SCHOKBETON, INC. v. KATZ CORPORATION.

McMURRAY, Chief Judge.

This is an action on a contract. The contract in question is an oral agreement between the plaintiff, a contingency search and recruiting firm, and defendant, a business corporation to whom plaintiff introduced an individual who was employed but shortly thereafter dismissed. Plaintiff contends that under the terms of an oral contract between the parties it is entitled to its fee, while the defendant contends that because the employee was dismissed within a 60-day guarantee period there is no fee due to plaintiff.

The jury returned a verdict in favor of the plaintiff for the amount of the fee claimed, and the judgment followed the verdict. The defendant appeals enumerating as error the refusal of the trial court to grant its motion for directed verdict at the close of plaintiff's evidence on the grounds that plaintiff could not produce evidence to substantiate plaintiff's version of the content of the contract. *Held:*

A motion for directed verdict will be granted where there is no conflict in the material evidence and the verdict is demanded. In reviewing the overruling of a motion for directed verdict the proper standard to be utilized by the appellate court is the any evidence test. See *Midland-Ross Corp. v. Rosenthal,* 163 Ga. App. 905 (296 SE2d 67).

The subject matter of the oral contract in question does not bring it within the Statute of Frauds (OCGA § 13-5-30 (formerly Code Ann. § 20-401)). Therefore, the absence of a written memorandum does not prevent the proof of the existence and terms of the contract between the parties. *Venable v. Block,* 138 Ga. App. 215, 216-217 (2) (225 SE2d 755).

Plaintiff presented testimony that its agent, in formulating the oral contract with an agent of defendant, had explained plaintiff's fee scale and that the plaintiff gives a 30 day guarantee providing that the fee is paid within 10 days of the date the employee commences his employment with the client. Plaintiff's evidence is that defendant's agent agreed to these terms. There is further evidence that the guarantee period of 30 days was extended to 60 days (the nature of the guarantee apparently being that if the employee resigned or was dismissed within the guarantee period the client's fee would be reimbursed if plaintiff was given timely notice of the severance). The evidence shows that the employee served 59 days, being dismissed by defendant prior to the termination of the extended guarantee period. However, it is uncontroverted that defendant did not at any time pay the plaintiff's fee.

Defendant contends that plaintiff has presented no evidence as to the guarantee being contingent upon plaintiff being paid within 10 days of the employee's commencing employment with the client. However, due to testimony presented on plaintiff's behalf we cannot say that there was not "any evidence" that defendant agreed that the guarantee was contingent upon payment of plaintiff's fee within 10 days of the date the employee commenced his employment with defendant. Therefore, the jury was authorized to find that there was no applicable guarantee due to defendant's failure to satisfy the condition precedent by payment of plaintiff's fee within the 10-day limit.

Defendant's further reliance upon its conflicting evidence to the effect that it was unaware and had not agreed to the condition precedent to the existence of the guarantee is merely in the nature of conflicting evidence. As the conflict has been resolved in favor of the plaintiff and the evidence supporting the verdict satisfies the any evidence test, we find no error in the trial court's denial of defendant's motion for directed verdict.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 20, 1984.

*Andrew J. Hill, Jr.,* for appellant.
*Rodger E. Davison,* for appellee.