## A95A1565. ROBERTS v. LEDBETTER et al.
(463 SE2d 533)

Pope, Presiding Judge.

Plaintiff Dorothy Roberts appeals from the trial court's grant of summary judgment to defendant Steven Ledbetter and his employer, defendant Jones Piping, Inc. We reverse.

Construed in a light most favorable to plaintiff, the evidence shows that on September 21, 1993, plaintiff was traveling west on Felder Street in Americus, Georgia. She attempted to make a left-hand turn onto a side street and failed to yield the right-of-way to Ledbetter, who was driving a Jones Piping truck. When Ledbetter applied his truck's brakes, some of the pipes he was carrying on the rack attached to the truck slid forward and off the truck into plaintiff's car. Thereafter, Ledbetter's truck collided with the right rear quarter panel of the car. The actual collision caused only minor damage to both vehicles, but some of the pipes that came off the truck struck plaintiff in the face. The police cited plaintiff for failure to yield the right-of-way. See OCGA § 40-6-71. They also cited Ledbetter for failing to properly secure his truck's load. See OCGA § 32-6-21.

In her complaint, plaintiff alleged that Ledbetter was negligent per se for failing to properly secure his truck's load in violation of Georgia law, and that Jones Piping was liable under the doctrine of respondeat superior. Defendants answered the complaint denying liability, and subsequently moved for summary judgment. In granting defendants' motion, the trial court found that there were issues of material fact concerning whether defendants properly secured the pipe, but, as a matter of law, plaintiff was the proximate cause of her own injuries.

1. We agree with the trial court that issues of fact exist regarding negligence on defendants' part. It is undisputed that Ledbetter was cited for violating OCGA § 32-6-21, and he admits that he did not appear to contest the citation at the designated time and place. Under such circumstances, "plaintiff has established negligence per se in the violation of a statute, which is a prima facie showing of negligence. This means that the burden [is on] the defendant[s] to show that the violation was unintentional and in the exercise of ordinary care." (Citations omitted.) *Williams v. Calhoun*, 175 Ga. App. 332, 333 (333 SE2d 408) (1985). Defendants attempt to meet their burden by presenting evidence that the pipes were secured in accordance with industry standards, but this evidence is in conflict with the affidavit of Jimmy Blalock. Blalock testified that the rack on which defendants secured the pipes did not conform with industry standards as it did not have a wire mesh guard at the front to prevent the pipes from sliding forward. He also stated that merely securing the pipes to the rack with metal bands, as defendants had done, would not pre-

vent the pipes from flying forward during a sudden stop. Thus, there are issues of fact regarding defendants' alleged negligence.

2. We cannot agree with the trial court's ruling that plaintiff was the sole proximate cause of her injuries as a matter of law. "[Q]uestions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury." *Johns v. Secress*, 106 Ga. App. 96, 97-98 (126 SE2d 296) (1962); see *Atlanta Obstetrics &c. Group v. Coleman*, 260 Ga. 569, 570 (398 SE2d 16) (1990). In the instant case, "[i]f the defendant[s] [were] not negligent in [the manner] set forth in the [complaint], of course there can be no recovery. However, if the defendant[s] [were] guilty of . . . the act[ ] of negligence as alleged, and it does not appear that some other cause, such as the negligence, if any there was, of the plaintiff, so preponderated in bringing about the result, that the human probabilities are that the injury would just as likely have ensued, if the negligent act[ ] of the defendant[s] had not occurred, the plaintiff should recover. If it does appear that plaintiff was negligent, and that although the defendant[s] might also have been guilty of negligence, that plaintiff's negligence so preponderated in bringing about the result that the human probabilities are that the injury would just as likely have ensued if the negligent act[ ] of defendant[s] had not occurred, the plaintiff should not recover. However, if both were negligent and their negligence stands so related that neither would have produced the harmful result, and the negligence of one has not so intervened as to make it the preponderating cause, and the negligence of both consist[s] of such acts as, according to the general course of human probabilities, produce some injurious effect as that which did in fact ensue, in such case, both are guilty of concurring negligence, and the recovery of the plaintiff should be reduced in the proportion that her negligence contributed to the injury, except of course, if that proportion be one-half or more, there should be no recovery." (Citation omitted.) *Carter v. Powell*, 57 Ga. App. 360, 369-370 (1) (195 SE 466) (1938); see *Storer Communications v. Burns*, 195 Ga. App. 230, 232 (393 SE2d 92) (1990).

Because the answers to the above questions in this case are not plain, palpable and indisputable, and therefore, must be decided by a jury, we hold that the trial court erred in granting summary judgment to defendants. We also conclude that a jury should consider whether plaintiff assumed the risk of her injuries by failing to yield the right-of-way to Ledbetter. See *Yandle v. Alexander*, 116 Ga. App. 165, 167-168 (156 SE2d 504) (1967).

*Judgment reversed. Ruffin, J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur because the defendants have not precluded the finding that their alleged negligence in failing to properly secure the pipes, of which there is some evidence, was not the possible proximate cause of plaintiff's injuries. True, the evidence is conclusive that this was not a proximate cause of the collision; her own negligence in suddenly and without warning turning in front of the oncoming vehicle when it was close to the intersection proximately caused the truck driver to brake, the pipes to shoot forward, and the collision to occur. But the issue of proximate cause relates to the injuries, not the collision. " ' "The proximate cause of an injury is that cause which immediately precedes and directly produces the injury, without which the injury would not have happened." ' " *Locke v. Vonalt*, 189 Ga. App. 783, 788 (7) (377 SE2d 696) (1989).

DECIDED OCTOBER 30, 1995.

*Robert M. Beauchamp*, for appellant.

*Young, Thagard, Hoffman, Scott & Smith, Daniel C. Hoffman, Ellis & Easterlin, John V. Harper*, for appellees.