DISSENTING OPINION BY SENIOR JUDGE PELLEGRINI This appeal presents the question of whether the path the jury takes to find that a party breached a duty — ie., negligent-in-fact or negligent per se — makes that party “more negligent” in allocating the percentage of factual cause of the injuries for purposes of comparative negligence. Because how a jury finds that a party breached a duty of care makes no difference in determining the “causal connection” — ie., factual cause of the injury— and the majority holds that it does, I respectfully dissent. I. A. In 2014, Plaintiff was walking on the sidewalk on Sixth Avenue in downtown Pittsburgh. Intersecting with Sixth Avenue is Montour Way, a one-way alley that she had to cross to go to her bus stop. Motor vehicle traffic on Sixth Avenue was to her left. When she reached Montour Way, there was a car stopped in the alley blocking its pedestrian crosswalk. Another pedestrian, Dante Anglin (Anglin), was walking in the same direction as Plaintiff. Anglin entered Montour Way ahead of Plaintiff and was forced to veer to his left because a car was blocking Montour Way’s pedestrian crosswalk. When she came to the intersection, Plaintiff also stepped around the vehicle and passed Anglin on the left side when a Port Authority bus going down Sixth Avenue struck her. Before striking Plaintiff, the bus had been moving down Sixth Avenue at 9 miles per hour when it encountered a stopped vehicle in its lane attempting to turn left. Even though Sixth Avenue is marked as a two-lane roadway, the bus maneuvered around the vehicle when the front right bumper or mirror of the bus struck Plaintiff. Plaintiff fell and hit her head on the pavement and her right leg was trapped under the bus. The wheel of the bus ran over Plaintiffs leg and dragged her along the ground. Betty Cunningham (Cunningham), the bus driver, did not realize she had struck Plaintiff until Joyce Broadwick (Broadwick), a passenger on the bus, yelled for her to stop the bus. Plaintiffs leg was severed almost completely. Over the next three months, she underwent approximately 13 surgeries to try to save her leg. In the end, her leg was amputated just below the knee and she was fitted with a prosthesis. B. Plaintiff brought a tort action against the Port Authority claiming that her injuries were caused when the bus negligently passed a stopped vehicle in its lane that was attempting to turn left because Sixth Avenue is only marked as a two-lane roadway. By doing so, Plaintiff contended that Cunningham drove the bus up on the curb and encroached on the adjoining intersection of Montour Way. While admitting that she was not in the crosswalk on Montour Way because a ear blocked it, Plaintiff testified that when the bus struck her, she was still on Montour Way and her foot did not venture onto Sixth Avenue. Anglin testified that Plaintiff was two feet outside of the crosswalk on Montour Way but was on Sixth Avenue when the bus struck her.[1] Both parties submitted proposed charges to the jury. The Port Authority requested that the trial court provide the jury with summaries of four different statutory provisions in the Vehicle Code[2] regarding pedestrian duties of care. These provisions were: 75 Pa.C.S. §§ 3542(b),[3] 3543(a),[4] 3544(a)[5] and 3544(d).[6] After the case was given to the jury with the standard jury instructions for negligence and how to allocate damages under comparative negligence, the jury returned with three questions, one of which was, “What is the pedestrian right of way law in the City of Pittsburgh?” (Reproduced Record (R.R.) at 451a.) The Port Authority again requested that the trial court provide the jury with its proposed charges regarding duties of pedestrians set forth in the Vehicle Code. Again, the trial court denied the request. The jury resumed its deliberations and returned a verdict finding both parties at fault and apportioning negligence at 50% each, along with a verdict of $2,731,000, which was reduced by Plaintiffs comparative negligence to $1,365,500. The trial court molded the verdict to $250,000 pursuant to the statutory cap of damages against Commonwealth agencies.[7] The majority holds that the trial court’s failure to give a negligence per se jury instruction regarding provisions of the Vehicle Code setting forth the duties of. pedestrians in crosswalks and on highways made those instructions inadequate, and that the Port Authority suffered prejudicial error. The reason behind this holding is that if the trial court gave the proper instructions, the jury could have found Plaintiff to be 1% more negligent — i.e., 51% — thus precluding any recovery because a plaintiff is only entitled to partial recovery when she is found 50% or less negligent. 42 Pa.C.S. § 7102. While I agree with the majority that the trial court should have given the negligence per se -instruction, it was harmless error because to give such a charge would have not made a difference in determining the percentage of factual cause for comparative negligence purposes. Let me explain why. II. A. . In a typical negligence case, a plaintiff must prove, all of the following elements of negligence: (1) the defendant owed the plaintiff a duty or obligation recognized by law; (2) the defendant breached that duty; (3) a causal connection existed between the defendant’s conduct and the resulting injury; and (4) actual damages incurred. Page v. City of Philadelphia, 25 A.3d 471, 475 (Pa. Cmwlth. 2011) (citing Talarico v. Bon-ham, 168 Pa.Cmwlth. 467, 650 A.2d 1192, 1195-96 (1994)). If the jury finds that a party’s conduct breached a duty owed, that is “negligence-in-fact.” When an individual violates an applicable statute, regulation or ordinance designed to ■ prevent a public harm, it is “negligence per se” If the jury finds that a person violated an applicable statute, this- finding only establishes the first two elements of negligence — duty and breach. Ford v. Philadelphia Housing Authority, 848 A.2d 1038, 1050, n. 11 (Pa. Cmwlth. 2004). Even if a plaintiff proves negligence per se, a party cannot recover unless it can be proven that such negligence is the “proximate” or “legal” cause of the injury. Id. Pennsylvania Standard Jury Instruction (Civ. 2017) 13,100- (emphasis added) provides that when there has been a violation of a statute, the following instruction is to be given: ' ' The law provides: [quote relevant statutory provision ]. [name of plaintiff ] claims that [name of defendant ] violated this law. If you find that [name of defendant ] violated this law, you must find that [name of defendant ] was negligent. If you find that [name 'of defendant ] did not violate this law, then you must still decide whether [name of defendant ] was-negligent because [he] [she] failed to act as a reasonably careful person would under the circumstances established by the evidence in this case. As the Subcommittee Note explains, a negligence per se finding does not establish the factual cause of a plaintiffs injury. The instruction that violation of a mandatory statutory provision constitutes negligence as a matter of law must be accompanied by the caveat that such violation must be found to be a factual cause in bringing about the injury for liability to accrue. Majors v. Brodhead Hotel, [416 Pa. 265] 205 A.2d 873 (Pa. 1965); Wermeling v. Shattuck, [366 Pa. 23] 76 A.2d 406, 409 (Pa. 1950). This is one of the ways of tempering what has been described as “the harsh doctrine of negligence per se.” Gaither v. Myers, 404 F.2d 216, 221, n.16 (D.C. Cir. 1968). The doctrine is applicable to both plaintiffs and defendants. D’Ambrosio v. City of Phila., [354 Pa. 403] 47 A.2d 256 (Pa; 1946). Id. (emphasis added). . What all of this shows is that there are different paths that a jury can take to arrive at the same place — ie., that a plaintiffs conduct breached a duty of care. This case illustrates this point. If a negligence per se charge had been given with • the relevant Vehicle Code provisions, it would have resulted in a finding that Plaintiff was negligent and breached her duty by being on Sixth Avenue when the bus hit her. Yet, even without the negligence per se jury instruction, the jury arrived at the same conclusion; she breached her duty of care by her conduct-walking on Sixth Avenue — and was therefore negligent. How you arrive at this conclusion has nothing to do with the separate issue of apportionment — ie., the factual cause of the injury. B. Comparative negligence does the apportionment of damages by comparing the factual causes of an injury. Under this standard, the factfinder compares the negligent conduct of the parties and the resulting injury to arrive at a calculation of the damages factually caused by each party’s negligence. Pursuant to Pennsylvania law, the fact that a plaintiff may have been contributorily negligent: [SJhall-not bar a recovery by the plaintiff or his legal representative where such- negligence was not greater than the' causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained-by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff. • • 42 Pa. C.S.§ 7102(a) (emphasis added). When comparative negligence is at issue, Pennsylvania Standard Jury Instruction 13.180 (Civ. 2017) provides: As a defense, [name of defendant ] claims that [name of plaintiff']⅛ own negligence was a factual cause of [his] [her] [injury] [harm]. [name of defendant ] has the burden to prove both of the following: 1. that [name of plaintiff] was negligent; and 2. ' that [name of plaintiff Js. negligence was a factual cause of [his] [her] [injury] [harm]. . If you find [name of plaintiff ]’s percentage of negligencé is greater than 50 percent, [name of plaintiff] cannot recover [his] [her] damages. (Emphasis added). Under this instruction, the jury is charged .with attributing the negligent conduct of each party to the factual cause of the harm in order to determine the percentage that each party is responsible for those injuries for which compensation is sought. Once a party, by his or her conduct, is found to have breached a duty, the factual cause of the plaintiffs injuries must be determined. Factual cause is determined by comparing the “conduct” of the parties. Pennsylvania Standard Jury Instruction 13.20, (Civ. 2017) (emphasis added) treats factual cause as such: In order for [name of plaintiff] to recover in this case, [name of defendant ]⅛ [negligent] [grossly negligent] [reckless] conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or | unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm. To be a factual cause, [name of defendant]’s conduct need not be the only factual cause. The fact that some other causes concur with [name of defendant ]’s negligence in producing an injury does not relieve [name of defendant ] from liability as long as [his] [her] own negligence is a factual cause of the injury. In determining factual cause, it does not matter how a plaintiff breached a duty of care (e.g., negligence per se or just plain negligence) because the factual cause of injury is the same — here, negligently walking on Sixth Avenue. In this case, the jury found that this conduct factually caused 50% of Plaintiffs injuries. C. The majority position seems to rest on the following: [T]he [comparative negligence] apportionment charge allows the jury to consider all circumstances in its commonsense determination of how to apportion causal negligence. See Pa. SSJI (Civ) 13.190, Subcommittee Note. There are no limitations on what the jury may consider in this apportionment, and the jury may apply equitable considerations to reach a compromise. Id. As a result, the jury could consider the number and type of specific duties violated in addition to the general duty of a reasonable person to protect herself and others. Indeed, comparative negligence applies regardless of the nature of the negligence alleged, including a claim of negligence per se such as that asserted by the Port Authority here. Congini v. Portersville Valve Co., 504 Pa. 157, 470 A.2d 515 (1983) (permitting fact-finder to compare negligence per se of a host serving alcohol to a minor who illegally and willingly consumed alcohol); White by Stevens v. Southeastern Pa. Transp. Auth., 359 Pa.Super. 123, 518 A.2d 810, 818 (1986) (it is “within the exclusive province of the jury to determine whether one shown to have been guilty of negligence per se, was guilty of greater negligence than another shown to have been guilty of some other kind of negligence per se or merely of negligence as a matter of fact and to compare the two and determine which is greater.”) (citations omitted). (Majority Op. at 248.) (Emphasis in original). I agree with the majority that the jury can make common-sense determinations to apportion causal negligence and that comparative negligence applies regardless of the nature of the negligence. I do not see, however, how those propositions support the majority’s conclusion that there are “no limitations” on what the jury can consider, including the number and type of specific duties violated. That suggests that if conduct can be considered a breach of duty under both negligence-in-fact and negligence per se, the factual cause of the injuries is somehow increased even though the underlying conduct is the same. See, e.g., Drew v. Work, 95 A.3d 324, 338 (Pa. Super. 2014) (holding, inter alia, that the trial court did not err in declining to charge a jury on negligence per se regarding an alleged Vehicle Code violation where the specific statute “merely recites general negligence principles and a charge related thereto would serve no purpose other than to confuse the jury.”). The only support for that proposition is purportedly the majority’s quotation from White by Stevens v. Southeastern Pennsylvania Transportation Authority, 359 Pa.Super. 123, 518 A.2d 810, 818 (1986), which itself is a quote from Johns v. Secress, 106 Ga.App. 96, 126 S.E.2d 296, 298 (1962). Johns involved comparing the conduct of one party who was negligent per se with the other party who was negligent-in-fact. The full quote from Johns is: But, negligence per se, of which the deceased was admittedly guilty, is no greater as a matter of law than negligence as a matter of fact, and it is the right and province of the jury to determine the degree or amount of negligence attributable to each party and whose negligence is greater and whose and what negligence was the proximate cause of the injuries complained of. While an áct defined by the law as negligence per se is not issuable, in the sense that no issue may be made as to the act being or not being negligence, yet it is still within the exclusive province of the jury to determine whether one shown to have been guilty of negligence per se, was guilty of greater negligence than another shown to have been guilty of some other kind of negligence per se or merely of negligence as a matter of fact and to compare the two and determine which is greater. Johns, 126 S.E.2d at 298. This passage does not support the proposition that a party’s status as either negligent per se or negligent-in-fact can amount to a person being more negligent. If anything, this passage supports the proposition that a person found to be negligent per se is no “more” negligent than a person found negligent-in-fact. This is because comparative negligence is measured by how damages are caused from the conduct that constituted a breach of duty, not how the determination that the breach of duty was made. III. In conclusion, it is irrelevant how the jury found that Plaintiff breached a duty— i&, negligenee-in-fact or negligence per se — because the jury’s determination was made based on her conduct of encroaching on Sixth Ave. Once it has been found that there was a duty and it was breached, then the conduct of the parties are compared to determine what percentage each party’s conduct was the factual cause for the injuries for which compensation was sought. The jury here, based on the respective conduct of the parties, found that each of them was 50% at fault for Plaintiffs injuries. I agree that the trial court should have given the negligence per se charge. However, because the jury still found Plaintiffs conduct negligent, the Port Authority suffered no prejudice and is not entitled to a new trial based on the trial court’s failure to give the negligence per se charge. Accordingly, I respectfully dissent. . Broadwick was unable to offer a firm opinion on the matter because she only saw the top of Plaintiff’s head for approximately one second before the bus struck her and was unable to see where Plaintiffs feet were located. . Vehicle Code, 75 Pa.C.S. §§ 101-9805. . 75 Pa.C.S. § 3542(b), regarding the exercise of the duty of care by pedestrians in crosswalks, provides that "[n]o pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute a hazard.” . 75 Pa.C.S. § 3543(a), regarding the general rule of pedestrians crossing at places other than crosswalks, provides that “[e]very pedestrian crossing a roadway at any point other than within a crosswalk at an intersection or any marked crosswalk shall yield the right-of-way to all vehicles upon the roadway.” . 75 Pa.C.S. § 3544(a), regarding the mandatory use of available sidewalks for pedestrians walking along a highway, provides that "[w]here a sidewalk is provided and its use is practicable, it is unlawful for any pedestrian to walk along and upon an adjacent roadway.” . 75 Pa.C.S. § 3544(d), regarding the right of way for vehicles on a highway, provides that "[e]xcept as otherwise provided in this sub-chapter, any pedestrian upon a roadway shall yield the right-of-way to all vehicles upon the roadway.” . 42 Pa.C.S. § 8528(b).